THE STATE OF OHIO, APPELLEE, *v.* GOVER, APPELLANT.

[Cite as *State v. Gover* (1995), 71 Ohio St.3d 577.]

(No. 94–2067—Submitted January 10, 1995—Decided March 1, 1995.)

578

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Stephen J. Wenke,* Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker,* State Public Defender, and *Kenneth R. Spiert,* Assistant Public Defender, for appellant.

WRIGHT, J.  This case presents the question of whether a defendant's claim that he was denied effective assistance of counsel due to a trial court's failure to notify the attorney that he had been appointed to represent the defendant on appeal can be brought as a claim of ineffective assistance of appellate counsel pursuant to the exception to R.C. 2953.21 articulated in *State v. Murnahan, supra.*

Gover's five propositions of law can essentially be reduced to two: (1) the trial court's failure to notify his appointed counsel of the appointment denied him his right to counsel on appeal under the Sixth and Fourteenth Amendments to the United States Constitution, Section 10, Article I of the Ohio Constitution, and

Crim.R. 44, and (2) the court of appeals' denial of his motion for a delayed appeal without first determining that he had waived his right to an appeal violated his right to a direct appeal under Section 3, Article IV of the Ohio Constitution.

We first consider whether the appellant's appeal pursuant to *Murnahan* properly places these two issues before this court.

Through R.C. 2953.21, the General Assembly has provided a means for individuals convicted of crimes to challenge collaterally their convictions after their direct appellate rights have been exhausted. That statute provides that a person convicted of a criminal offense may file a petition for postconviction relief in the trial court that imposed the sentence, challenging the validity of the conviction on state and federal constitutional grounds.

In *State v. Murnahan, supra*, this court created a narrow exception to the application of R.C. 2953.21. *Murnahan* involved a defendant whose appointed appellate counsel filed an "Anders Brief" on direct appeal, which stated that the legal issues presented in the defendant's case were meritless. The court of appeals provided the defendant thirty days to file a brief on his own behalf. A brief was not filed, and the court of appeals dismissed the appeal. Ten months following the unsuccessful appeal, the defendant filed a petition for postconviction relief pursuant to R.C. 2953.21. He argued that his appellate counsel was ineffective and, consequently, that he was entitled to another direct appeal. We held that R.C. 2953.21 was not the appropriate procedure to attack collaterally a judgment of the court of appeals on the basis of the ineffectiveness of appellate counsel. That conclusion was based upon the belief that a trial court should not decide the propriety of a decision of a court of appeals because "[t]o allow such claims could in effect permit trial courts to secondguess superior appellate courts." *Id.* at 65, 584 N.E.2d at 1208. Therefore, we held that a defendant may pursue claims of ineffective assistance of *appellate* counsel only by filing a motion for delayed reconsideration in the court of appeals pursuant to App.R. 26(B). The Staff Note to App.R. 26, which discusses the post-*Murnahan* amendments to that rule, correctly describes such actions as involving two stages. First, the defendant must show a colorable claim of ineffective assistance of counsel. The second stage requires the appellant to "establish that prejudicial errors were made in the trial court and that ineffective assistance of appellate counsel in the prior appellate proceedings prevented these errors from being presented effectively to the court of appeals."

Gover has followed the procedure for invoking the *Murnahan* exception to R.C. 2953.21 in arguing that the trial court's failure to notify his counsel that he had been appointed to prosecute Gover's appeal constituted a denial of his right to effective assistance of counsel. Gover argues that he was prejudiced because the

attorney, who was not aware of the appointment, failed to file a timely notice of appeal under App.R. 4(A).

However, Gover's factual situation is squarely outside the *Murnahan* exception to R.C. 2953.21. In *Murnahan,* the alleged ineffectiveness of the attorney occurred in the *appellate* court. In other words, the "ineffective assistance of appellate counsel in the prior appellate proceedings prevented the[ ] errors from being presented effectively to the court of appeals." Staff Note, *supra.*

Unlike the appellant in *Murnahan,* Gover was denied *any* appellate counsel. We have previously held that "[a] convicted defendant has a constitutional right to counsel on direct appeal to the Court of Appeals from his judgment of conviction." *State v. Catlino* (1967), 10 Ohio St.2d 183, 39 O.O.2d 194, 226 N.E.2d 109, paragraph one of the syllabus. See, also, Crim.R. 44(A). The failure of the trial court to notify the appointed counsel of his appointment had the same effect as if the trial court had not appointed counsel. The attorney was not aware of the representation and, as a result, did not contact Gover or play any role in prosecuting his appeal. Like the defendant in *Catlino,* Gover "has not been represented by counsel since the judgment of conviction was rendered by the Common Pleas Court." *Id.* at 183, 39 O.O.2d at 194, 226 N.E.2d at 110.

The denial of Gover's right to counsel on appeal occurred at the trial court level, prior to any involvement by the court of appeals. The trial court's failure to notify counsel of his appointment as Gover's attorney prevented that attorney from filing a timely notice of appeal under App.R. 4(A). The court of appeals' denial of Gover's *pro se* motions for a delayed appeal, filed nearly a year after the sentencing hearing, was independent of the trial court's failure to provide Gover with appointed counsel. The "ineffectiveness" of Gover's appointed counsel related to the pre-appellate process. Accord *Steed v. Salisbury* (C.A.6, 1972), 459 F.2d 475, 65 O.O.2d 294 (attorney's failure to file timely a notice of appeal is cognizable under R.C. 2953.21). Gover's appointed attorney played no part in the motions for a delayed appeal; therefore, the appellate court's denial of those motions was not caused by ineffective appellate counsel.

Because Gover was denied his right to appellate counsel as a result of an error made at the trial level, we hold that the exception provided in *Murnahan* does not apply. Instead, Gover's proper remedy is to file a petition for postconviction relief under R.C. 2953.21. Accord *State v. Catlino, supra.*

Since this cause originated in the court of appeals, we do not remand the cause to the court of common pleas for proceedings consistent with this judgment. Rather, Gover should himself file a petition for postconviction relief under R.C. 2953.21. The time between the entry of the judgment of conviction and the filing of the postconviction relief petition will not be problematic, since a petition under that statute may be filed "at any time." R.C. 2953.21(A). Following the filing of

the petition, R.C. 2953.21(C) requires that the trial court consider whether the petition presents substantive grounds for relief. We have already established that a failure by a trial court to notify appointed appellate counsel of his appointment qualifies as a denial of the defendant's right to counsel pursuant to *Catlino*. Therefore, the trial court should move immediately to a hearing to determine whether such a denial occurred in this case. R.C. 2953.21(E). If so, the court must determine what relief should be granted. The appropriate avenue of relief in this case is for the trial court to reenter the judgment against the defendant, with the result of reinstating the time within which the defendant may timely file a notice of appeal pursuant to App.R. 4(A). See *State v. Miller* (1988), 44 Ohio App.3d 42, 541 N.E.2d 105.

Gover also argues that the court of appeals' denial of his motions for a delayed appeal constituted a violation of his right to a direct appeal as provided by Section 3, Article IV of the Ohio Constitution. Although the validity of the court of appeals' decisions is doubtful at best, the time period for a direct appeal of those decisions to this court has long passed. S.Ct.Prac.R. II, Section 2(A)(1) requires that an appeal of the decision of a court of appeals must be made within forty-five days from the entry of the judgment being appealed. More than forty-five days has elapsed between the denial of the motions for a delayed appeal and the filing of the current appeal.

However, a defendant in a felony case, such as here, may still perfect an appeal after the time for appeal has run by filing a motion for a delayed appeal pursuant to S.Ct.Prac.R. II, Section 2(A)(4). The motion must provide "adequate reasons" for the delay. *Id.* Given our holding that Gover may proceed under R.C. 2953.21 to reinstate his direct appeal, we need not consider whether the appellant has proffered "adequate reasons" for delay, nor need we address the additional constitutional arguments proffered by the appellant in favor of reinstating his right to a direct appeal.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.