[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, which denied appellant's motion for post-conviction relief to vacate his sentence.
Appellant sets forth the following assignments of error:
 "I. TRIAL COURT ABUSED IT'S [sic] DISCRETION IN THE DETERMINATION OF GRANTING STATE'S MOTION FOR SUMMARY JUDGEMENT/MOTION TO DISMISS. [sic]
 "II. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH
 AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10, OF THE OHIO CONSTITUTION."
On December 14, 1984, appellant was indicted for aggravated burglary, in violation of R.C. 2911.11, breaking and entering, in violation of R.C. 2911.13(A), and aggravated arson, in violation of R.C. 2909.02(A)(1). On February 1, 1985, appellant pled guilty to a lesser included offense of burglary, breaking and entering as charged in the indictment, and to a lesser included offense of arson. He was sentenced to serve five to fifteen years on the burglary charge, to be served consecutively to sentences of two years and one and one-half years, respectively, for the breaking and entering and arson offenses.
On June 15, 1996, appellant filed his pro se motion to vacate or set aside sentence alleging ineffective assistance of counsel. Appellant later amended that motion to challenge the voluntariness of his plea and a defect in the indictment. Appellant did not provide affidavits or evidence in support because he needed "the assistance of any attorney to produce the evidence."
The state of Ohio filed a motion for summary judgment or to dismiss under R.C. 2953.21(D), which the trial court granted on September 3, 1997. The trial court determined that the record did not show that trial counsel's representation was ineffective or petitioner's pleas were involuntary. The trial court determined that appellant waived his right to use post-conviction proceedings to challenge the sufficiency of the indictment by not raising the issue at trial or on appeal.
R.C. 2953.21(A)(1) allows a person convicted of a criminal offense, who claims an infringement of constitutional rights, to file a petition requesting the sentencing court to vacate or set aside the judgment or sentence. State v. Gover
(1995), 71 Ohio St.3d 577. A petitioner is entitled to an evidentiary hearing if the petitioner sets forth sufficient operative facts to demonstrate that substantive grounds for relief exist. State v. Kapper (1983), 5 Ohio St.3d 36, 38, certiorari denied (1983) 464 U.S. 856.
In his first assignment of error, appellant contends that the trial court abused its discretion by granting the state's motion for summary judgment. Appellant relies upon the trial court's reference to Alford pleas in its entry awarding summary judgment.
The record reveals, and appellant acknowledges, he entered pleas of guilty, not pleas pursuant to North Carolina v. Alford (1970),400 U.S. 25. In its summary judgment opinion, however, the trial court cited law that Alford pleas limit the errors which may be raised on appeal. See State v. Kelley (1991), 57 Ohio St.3d 127, paragraph two of the syllabus (a defendant who enters a plea of guilty as part of a plea bargain waives all appealable errors unless such errors precluded the defendant from voluntarily entering into his or her plea pursuant to the dictates of Crim.R. 11(C)).
Because of that reference, appellant now claims, for the first time, that he was forced to incriminate himself when he made statements to the trial court acknowledging his guilt when he entered guilty, instead of Alford, pleas. However, a guilty plea entered pursuant to North Carolina v. Alford, other than no statement by defendant need be made, is procedurally indistinguishable from a guilty plea. State v. Kelley, 57 Ohio St.3d 127,130; see State v. Witcher (Dec. 30, 1993), Lucas App. No. L-92-354, unreported. Both severely limit the ability of the defendant to challenge claimed errors of the trial court to those which affect the voluntariness of the plea. Id.
Consequently, the trial court's inadvertent reference to an Alford plea during post-conviction review is harmless and has no effect on appellant's ability to challenge any trial court errors. Further, since appellant did not raise any question about whether he entered "guilty" or "Alford" pleas in his initial motion to vacate sentence, we will not review it for the first time on appeal. Accordingly, appellant's first assignment of error is found not well-taken.
Appellant's second assignment of error is based on his contention that he did not receive the effective assistance of counsel. Appellant contends that his attorney did not adequately prepare or investigate the charges and did not present evidence in mitigation at sentencing. To establish ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668, 687. Counsel's performance is deficient if his errors were so serious that "counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id.
However, on post-conviction review, an ineffective assistance of counsel claim will be considered only to the extent that it raises an issue of voluntariness of a guilty or Alford
plea. State v. Barnett (1991), 73 Ohio App.3d 244, 249. Further, under the doctrine of res judicata, if a petitioner did or could have raised his allegations on direct appeal, he is not entitled to post-conviction relief on his allegations. State v. Reynolds
(1997), 79 Ohio St.3d 158, 161, citing State v. Perry (1967),10 Ohio St.2d 175. Res judicata may not apply if the petitioner's claim for relief is supported by materials outside the original record. State v. Combs (1994), 100 Ohio App.3d 90, 97.
Appellant has submitted no evidence outside the record to support a claim of ineffective assistance of counsel to overcome the doctrine of res judicata. Our review of the record itself reveals that when appellant entered his guilty pleas on February 1, 1985, the court conducted a hearing pursuant to Crim.R. 11 to inform appellant of the nature of the charges, the nature of the constitutional rights he was waiving by entering a guilty plea, including his limited right of appeal, and the maximum penalty which could be imposed. The petitioner stated on the record he was satisfied with his attorney's advice and performance at the time he entered the plea. Consequently, we can find no merit in petitioner's claim that his counsel's assistance impaired the voluntariness of his plea. Accordingly, appellant's second assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________________ Peter M. Handwork, P.J.
JUDGE
 ______________________________ George M. Glasser, J.
JUDGE
 ______________________________ Melvin L. Resnick, J.
JUDGE
CONCUR.