Donald Lee HARDING Petitioner–Appellant,

v.

Harry K. RUSSELL, Warden, Respondent–Appellee.

No. 99–4302.

United States Court of Appeals, Sixth Circuit.

Oct. 11, 2001.

Before NELSON and MOORE, Circuit Judges, and KATZ, District Judge.*

NELSON, Circuit Judge.

Donald Lee Harding, an Ohio prisoner, here appeals the dismissal (on failure-to-exhaust-state-remedies grounds) of his petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. The petition was predicated on, among other things, an alleged denial of effective assistance of counsel as a result of the failure of appointed counsel to

file a timely appeal. The district court concluded that this claim could still be pursued in the state system through an application for reopening of an appeal pursuant to Ohio R.App. P. 26(B). Because we do not read Rule 26(B) as being applicable in the petitioner's situation, and because it appears to us that the Ohio courts have already undertaken to adjudicate the merits of the ineffective assistance claim, we shall reverse the dismissal of the petition.

I

The underlying facts are not in dispute. On January 28, 1998, Charles W. Root was killed at his place of employment, a "Stop 'n' Go" convenience store in Columbus, Ohio, by repeated blows from a 31–pound canister of carbon dioxide. A police officer saw a white and maroon vehicle leaving the scene and got a partial license plate number. A computer search disclosed that a car matching the officer's description was registered at petitioner Harding's address.

The police arrived at the address at 4 o'clock on the morning of January 29 and found the car parked in the street, its engine compartment still warm. The petitioner's grandfather answered the officers' knock on the door and indicated that the petitioner was upstairs. The police proceeded upstairs to the petitioner's bedroom and got him out of bed. Once in the room, the officers observed a tennis shoe consistent with a print found at the scene and a leather jacket with blood spattered on it. The petitioner also had blood on his fingers and nails. The police placed him under arrest and returned the next afternoon with a search warrant.

---

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

Petitioner Harding was indicted in Franklin County, Ohio, on one count of aggravated murder with a death penalty specification and one count of aggravated robbery. His attorney, James Owen, filed several pre-trial motions to suppress evidence, including a motion to suppress the evidence seized on the morning of the arrest. The state trial court denied these motions. Mr. Harding then pleaded no contest—preserving his search and seizure issues for appeal—waived his right to a jury trial and proceeded instead before a three-judge panel. Convicted in March of 1989, he was sentenced to a combined term of 30 years to life.

After imposing sentence, the trial court appointed the Franklin County Public Defender to serve as appellate counsel. The public defender's office failed to perfect a direct appeal within the 30–day period prescribed by statute. Instead, more than 15 months after the sentencing, the defender's office asked the Franklin County Court of Appeals for leave to proceed with a delayed appeal on the constitutionality of the search of Harding's bedroom. The defender's office asserted that it did not learn of its appointment as counsel until after the 30–day appeal period had expired. Mr. Owen, Harding's original counsel, subsequently contradicted this assertion, attesting that he promptly hand-delivered a copy of the court's order to the public defender's office and personally followed up with two different attorneys in the office.

The court of appeals denied the motion for a delayed appeal on January 8, 1991, concluding on the basis of a transcript submitted with the motion that the "inevitable result in this case is affirmance of the trial court's judgment." An appeal to the Ohio Supreme Court followed. That court dismissed the appeal *sua sponte,* finding that no substantial constitutional question was presented.

More than five years later, on April 1, 1996, Mr. Harding filed a petition in the Franklin County Court of Common Pleas seeking post-conviction relief pursuant to O.R.C. § 2953.21. The petition set forth six claims for relief, one of which was based on the trial court's alleged failure to see that the public defender's office received timely notice of its appointment as counsel and two of which were based on the conduct of the defender's office in failing to perfect a timely appeal. The common pleas court denied the petition on July 23, 1997. Declaring that the earlier motion for a delayed appeal had raised both the issue of timely notification of appointment as counsel and the issue "of appointed counsel's failure to file a timely notice of appeal," the court held that the claims were barred as *res judicata.*

On appeal, the Franklin County Court of Appeals affirmed the denial of the petition. Insofar as the ineffective assistance of counsel claim was concerned, the court of appeals reasoned that a showing of prejudice was required under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that no such showing was possible here, the court of appeals already having held that the "inevitable result" of an appeal of the conviction would be an affirmance.

The Ohio Supreme Court declined to exercise jurisdiction to hear the case, whereupon Mr. Harding filed his habeas petition in the United States District Court for the Southern District of Ohio. The petition raised the following claims, among others:

"1. That [petitioner's] conviction and sentence are void or voidable because the trial court's failure to timely notify the Franklin County Public Defender of the appointment as petitioner's appellate counsel de-

nied him his right to counsel on his first direct appeal.

2. That the Franklin County Public Defender's failure to timely file a notice of appeal constituted ineffective assistance of counsel and led to the violation of the petitioner's First, Fifth, Sixth, Ninth and Fourteenth Amendment rights.

. . . . .

5. That [petitioner's] conviction and sentence are void or voidable because of state induced error. Specifically, the State of Ohio, through the Franklin County Public Defender's office, impeded the defense of the petitioner by failing to timely file a notice of appeal."

The district court distinguished between the petitioner's first claim, which it characterized as a claim of error on the part of the trial court, and the second and fifth claims, which it saw as claims of ineffective assistance of counsel. Concluding that, under Ohio law, Mr. Harding had not exhausted his state remedies as to the second and fifth claims, the district court dismissed the petition on September 22, 1999.

The petitioner filed a motion to reconsider and, two days later, a notice of appeal and a motion for certificate of appealability. The district court issued a certificate of appealability and dismissed the motion for reconsideration. This court subsequently remanded the case for reconsideration of the decision to grant a certificate of appealability in light of the Supreme Court's decision in *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). The district court issued a renewed certificate of appealability on August 16, 2000, and the appeal is now properly before this court.

II

■ Under 28 U.S.C. § 2254(b), a state prisoner must normally exhaust the remedies available in state court before seeking federal habeas corpus relief. See *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). After reviewing the relevant Ohio law, the district court determined that the petitioner had not met the exhaustion requirement in the case at bar. We disagree.

As explained in Part I above, Mr. Harding petitioned the common pleas court to vacate or set aside his judgment and sentence pursuant to O.R.C. § 2953.21. This petition presented six claims for relief, raising, among other things, both the trial court's alleged failure to give the public defender's office timely notice of its appointment as counsel and that office's alleged ineffective assistance. In addressing the petition, the court of common pleas proceeded on the understanding that Mr. Harding had already raised both issues in his unsuccessful motion for a delayed appeal. It was on this ground that the court, holding the claims "barred by the doctrine of *res judicata*," denied the petition. With the subsequent affirmance by the Franklin County Court of Appeals and the rejection of jurisdiction by the Ohio Supreme Court, this became the Ohio judiciary's final word on the subject.

■ It is true that whether or not the ineffective assistance of counsel claim was actually raised in the motion for a delayed appeal, the *res judicata* doctrine would bar subsequent assertion of the claim as long as the claim could have been raised there. See *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). If the common pleas court had invoked *res judicata* on that basis, of course, the result would be the same here unless the petitioner could show cause (with resultant prejudice) for failing to advance ineffective assistance of counsel

as a reason for allowing a delayed appeal. Given that it was the defender's office itself that filed the delayed appeal motion, we shall assume (without so deciding) that cause could be shown. We shall also assume that the common pleas court was mistaken in thinking that the ineffective assistance issue had been presented in the request for a delayed appeal. In light of what the common pleas court actually said, however, and in light of the "inevitable result" rationale repeatedly invoked by the Ohio appeals court, it seems to us that these assumptions affect nothing.

The salient fact, in our view, is that the Ohio courts have squarely held that an appeal on the merits of the search and seizure claim would be futile. This holding, and the *res judicata* doctrine, foreclose any possibility that an application to the Ohio courts raising the ineffective assistance claim under Rule 26(B) would be any more productive than the application raising the ineffective assistance claim under O.R.C. § 2953.21 was.

"Section 2254 does not require repetitious applications to the State courts for relief." *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir.1979). Regardless of whether the procedural route Mr. Harding followed was the correct one under Ohio law, the Ohio courts gave him what was, in truth and in fact, a decision on the merits of the ineffective assistance of counsel claim. To require Mr. Harding to raise the same claim under Ohio R.App. P. 26(B) would be to require a "repetitious application[ ] ... for relief." Under the facts presented here, we see no justification for imposing such a requirement.

■ And would the procedure for reopening an appeal under Rule 26(B) be available to Mr. Harding in any event? We think not.

Rule 26(B) was amended in the wake of *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), where the Ohio Supreme Court held that "claims of ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings pursuant to R.C. § 2953.21." 584 N.E.2d at 1208. To accommodate this decision, which outlined alternative procedures for resolving such claims, Rule 26 was changed to allow a convicted defendant to "apply for reopening of the appeal ... based on a claim of ineffective assistance of appellate counsel." Ohio R.App. P. 26(B)(1). Both the Ohio Supreme Court's subsequent holding in *State v. Gover*, 71 Ohio St.3d 577, 645 N.E.2d 1246 (1995), and the text of the rule itself lead us to conclude that the *Murnahan* procedures and the amended Rule 26(B) are not applicable to the type of ineffective assistance claim in question here.

In *Gover*, the trial court failed to notify the attorney it had appointed to handle the defendant's direct appeal. *Id.* at 1248. As a result, appointed counsel failed to file a timely notice of appeal. *Id.* The Ohio Supreme Court found that this situation fell outside the *Murnahan* exception to O.R.C. § 2953.21 and should not have been pursued under Rule 26(B). "The 'ineffectiveness' of Gover's appointed counsel," the court stated, "related to the pre-appellate process." *Id.* Since this error occurred at the "trial level," the court told Gover that his proper remedy was a petition under § 2953.21.

The present case is comparable to *Gover* in that even if the public defender's office received prompt notice of its appointment, the failure to file a timely notice of appeal with the trial court was an error occurring at the trial level. Harding's ineffective assistance claim relates to the "pre-appellate process" and not to the effectiveness of counsel after the launching of an appeal. The lesson taught by *Gover* thus appears to be that Harding followed the proper

procedure in filing a petition for post-conviction relief under O.R.C. § 2953.21.

The text of Rule 26(B) supports this conclusion. The rule speaks of reopening the case in the court "where the appeal was decided." Ohio R.App. P. 26(B)(1). Here, of course, "the appeal" from the conviction never came into being and was thus never "decided;" permission for leave to appeal was simply rejected. Rule 26(B)(2)(a) requires that an application for reopening include "[t]he appellate case number in which reopening is sought...." No such number was assigned in this instance, again because the court denied leave to appeal. Rule 26(B)(2)(c) requires that applications for reopening include assignments of error not previously considered on the merits or considered on an incomplete record. As with the rest of the rule, this section presupposes the existence of an appeal that has actually been decided. Mr. Harding's claim that his constitutional rights were violated as a result of his counsel's failure even to start the appellate process is not addressable under Rule 26(B), we conclude, and could only have been raised—as it was—under O.R.C. § 2953.21.

The dismissal of Mr. Harding's habeas petition is REVERSED, and the case is REMANDED for further proceedings not inconsistent with this opinion.