[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} These consolidated appeals are considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} We overrule the appellant's first assignment of error, in which he challenges the dismissal of his petition for postconviction relief, and his second assignment of error, in which he essentially restates two of the three claims for relief advanced in his petition. R.C. 2953.23 precluded the common pleas court from entertaining the appellant's postconviction petition, when the appellant failed to file his petition within the time prescribed under R.C. 2953.21(A)(2),[1] and when the record fails to demonstrate either that the appellant was unavoidably prevented from discovering the facts underlying his claims or that his claims were predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the prescribed time.
{¶ 3} We also overrule the fourth assignment of error, in which the appellant contends that the trial court, in accepting his guilty pleas, failed to comply with Crim.R. 11. The appellant's failure to present this challenge as a claim for relief in his postconviction petition precludes its review on appeal from the judgment dismissing the petition. See State v. Gipson (Sept. 26, 1997), 1st Dist. Nos. C-960867 and C-960881. Moreover, had the appellant presented this challenge as a claim for relief, the claim would have been subject to dismissal, along with the petition's other claims, under R.C. 2953.23. See State v. Bies, (Jan. 29, 2003), 1st Dist. No. C-020306.
{¶ 4} For these reasons, we also overrule the appellant's third assignment of error. His contention therein that he was denied his constitutionally secured right to appointed counsel to prosecute his direct appeal was cognizable in a postconviction proceeding. See Statev. Gover (1995), 71 Ohio St.3d 577, 645 N.E.2d 1246 (holding that R.C.2953.21 et seq., rather than App.R. 26(B), provides the appropriate vehicle for advancing a claimed denial of the constitutional right to counsel on direct appeal). But his failure to present this challenge in the form of a claim for relief in his petition precludes its review on appeal from the judgment dismissing the petition. See Gipson, supra. And, again, had he presented such a claim, it would have been subject to dismissal under R.C. 2953.23. See Bies, supra; accord State v. Harrold
(June 5, 2002), 9th Dist. No. 20963 (noting additionally that a tardy postconviction petitioner may still assert the lack of appellate counsel in support of an App.R. 5[A] motion for leave to file a delayed appeal).
{¶ 5} Therefore, we affirm the judgment of the common pleas court.
{¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Gorman, JJ.
[1] The record before us does not support the appellant's contention that the trial court's November 2001 nunc pro tunc entry, by which the court "corrected" the July 2001 judgment of conviction to reflect the agreed prison sentence, operated to extend the time for a direct appeal. See State ex rel. Mayer v. Henson, 97 Ohio St.3d 276, 2002-Ohio-6323,779 N.E.2d 223 (stating the general rule that a nunc pro tunc entry may properly be entered to "reflect what the court actually decided, [but] not what the court might or should have decided or what the court intended to decide").