OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Dan T. Moore appeals the May 3, 2004 Judgment Entry of the Licking County Court of Common Pleas, which denied his motion to withdraw his "guilty" plea and his petition for post-conviction relief. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE
{¶ 2} On August 12, 2003, appellant plead no contest to the charges of kidnapping and possession of criminal tools as part of a plea bargain, in exchange for a dismissal of charges of felony interference with custody and forgery. The trial court found appellant guilty of the first two charges. Following a presentence investigation, appellant was sentenced on September 5, 2003, to prison for four years on the kidnapping charge and six months on the possession of criminal tools charge. The sentences were ordered to run concurrently. No direct appeal was taken to this Court.
{¶ 3} On April 1, 2004, appellant separately filed a Motion to Withdraw Guilty Plea and a Post-Conviction Petition. Appellee filed its response to appellant's motion on April 23, 2004. The trial court scheduled the matter for a non-oral hearing on April 30, 2004. Via Judgment Entry filed May 3, 2004, the trial court denied both of appellant's motions. It is from that judgment entry appellant prosecutes this appeal assigning as error:
{¶ 4} "The appellant was denied his sixth amendment right to appellate counsel and due process of law in violation of the fifth and fourteenth amendments to the constitution of the united states.
{¶ 5} "The appellant is innocent of the crime for which he was convicted because his actions where [sic] immediately necessary because his ex-wife told him in court that she was taking his daughter to kyrgyzstan which is not a member of the hague convention.
{¶ 6} "III. The state of ohio's mandatory specification of "sexual offender" for the offense of kidnapping is unconstitutional when the criminal offense itself involves no sexual misconduct."
{¶ 7} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
{¶ 8} "(E) Determination and judgment on appeal.
{¶ 9} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
{¶ 10} "The decision may be by judgment entry in which case it will not be published in any form."
{¶ 11} This appeal shall be considered in accordance with the aforementioned rule.
 I
{¶ 12} Herein, appellant asserts he has a constitutional right to counsel on direct appeal. We agree. Appellant then further claims the trial court erred in not appointing counsel for him for a direct appeal.
{¶ 13} In support of his claim, appellant relies on State v.Gover (1995), 71 Ohio St.3d 577, wherein the Ohio Supreme Court held if a convicted defendant was denied counsel at a pre-appellate level, and a timely notice of appeal was not filed as a result, the proper remedy is a petition for post-conviction relief. Appellant's reliance on Gover is misplaced.
{¶ 14} Unlike Gover, appellant was not denied counsel at the pre-appellate level. The proper remedy is not post-conviction relief, but rather a request for a delayed appeal.
{¶ 15} Appellant's first assignment of error is overruled.[1]
 II
{¶ 16} Appellant herein argues the merits of his claim of necessity as an affirmative defense to the kidnapping charge. We find his no contest plea waives his right to assert this affirmative defense now. We note, during the change of plea hearing, appellant acknowledged his appointed counsel had explained all possible defenses that might be available to him and he was satisfied with the representation of his counsel. At no time did appellant attempt to raise the defense of necessity during any of his colloquy with the trial court at the change of plea hearing.
{¶ 17} Appellant's second assignment of error is overruled.
 III
{¶ 18} Herein, appellant asserts the finding he is a sexual offender based upon his conviction for kidnapping is unconstitutional because the offense did not involve sexual misconduct. Subsequent to appellant's sentence, the statute requiring such classification was amended and a conviction for kidnapping no longer required a classification of a convicted defendant as a sexual offender. Appellee recommends this Court vacate appellant's sexual offender classification.
{¶ 19} Although we appreciate the State's recommendation, we find the issue appellant now asserts in this assignment of error would have been cognizable on direct appeal. Therefore, appellant is barred by the principle of res judicata from now raising the issue on appeal of the denial of his post-conviction relief petition.
{¶ 20} Appellant's third assignment of error is overruled.
{¶ 21} The May 3, 2004 Judgment Entry of the Licking County Court of Common Pleas is affirmed.
Hoffman, P.J., Wise, J. and Edwards, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the May 3, 2004 Judgment Entry of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] We disagree with the appellee's assertion a defendant may not appeal his conviction following a no contest plea.