DECISION AND JUDGMENT ENTRY
{¶ 1} Frankie L. Tate ("Appellant") appeals the decision of the Ross County Court of Common Pleas denying his petition for post-conviction relief. He contends that the trial court erred when it dismissed his petition for post-conviction relief without holding an evidentiary hearing on his trial counsel's alleged ineffective assistance and failed to issue findings of fact and conclusions of law pertaining to the same. Because we find that the Appellant failed to set forth sufficient operative facts in his petition for post-conviction relief to support his ineffective assistance of counsel claim, we affirm the judgment of the trial court.
 I. Facts {¶ 2} On September 14, 2004, the Appellant was arrested on an outstanding warrant for an offense of forgery in violation of R.C. 2913.31. The same day, the Chillicothe Municipal Court granted the Appellant a furlough, effective September 15, 2004, at 6:00 a.m., until September 16, 2004, at 6:00 a.m. The Appellant was released from jail on September 15, 2004 pursuant to the furlough, but did not return on September 16, 2004. On October 10, 2004, the Appellant broke into the Sunrise TV retail store in Chillicothe, Ohio. Police officers who responded to the security alarm at the store apprehended the Appellant as he attempted to flee the scene.
 {¶ 3} On December 17, 2004, a Ross County grand jury returned an indictment charging the Appellant with one count of forgery in violation of R.C. 2913.31, one count of escape in violation of R.C. 2921.34, and one count of breaking and entering in violation of R.C. 2911.13. The Appellant was arraigned and entered a plea of not guilty to each of the charges. All three matters were set for a change of plea, and on May 27, 2005, the Appellant entered a plea of guilty to each of the three charges. The Appellant was sentenced to seven months on the forgery and breaking and entering counts, to be served concurrently, and two years on the escape count, to be served consecutively to the seven-month sentence imposed for the forgery and breaking and entering counts.
 {¶ 4} On November 30, 2005, the Appellant filed a petition to vacate or set aside his sentence and a motion for assignment of counsel. On January 5, 2006, the Appellant filed a motion to compel the defendant's attendance. The following day, the Appellant filed a motion to supplement his memorandum in support of his petition to vacate or set aside his sentence. On February 2, 2006, the trial court filed a journal entry denying the Appellant's motions and dismissing his petition for post-conviction relief. The Appellant now appeals from this decision, asserting the following assignments of error:
 {¶ 5} 1. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DISMISSED HIS PETITION FOR POST-CONVICTION RELIEF WITHOUT BENEFIT OF AN EVIDENTIARY HEARING.
 {¶ 6} 2. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW UPON DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT BENEFIT OF AN EVIDENTIARY HEARING.
 II. Standard of Review {¶ 7} We review a trial court's decision to deny a petition for post-conviction relief without a hearing under a de novo standard of review. See State v. Miller, Ross App. No. 01CA2614, 2002-Ohio-407, at *2. R.C. 2953.21 and R.C. 2953.23
govern petitions for post-conviction relief. Under R.C. 2953.21, relief from a judgment or sentence is available for a person convicted of a criminal offense if he or she shows that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States [.]" See State v.Gibson, Washington App. No. 05CA20, 2005-Ohio-5353, at ¶ 7, citing State v. Grover (1995), 71 Ohio St.3d 577,645 N.E.2d 1246, and State v. Powell (1993), 90 Ohio App.3d 260,629 N.E.2d 13. Except as provided in R.C. 2953.23, a petition for post-conviction relief must be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals when there is a direct appeal of the judgment of conviction. R.C. 2953.21(A)(2).
 {¶ 8} R.C. 2953.21(C) provides, in pertinent part:
* * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petition, including, but not limited to the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make findings of fact and conclusions of law.
 {¶ 9} The post-conviction relief statute does not expressly mandate a hearing for every post-conviction relief petition, and thus a hearing is not automatically required. State v. Jackson
(1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819. As stated supra, the pivotal concern in determining whether an evidentiary hearing is required on a post-conviction relief petition is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavit, and the files and records of the cause. Id.
 {¶ 10} Additionally, in a petition for post-conviction relief which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. Id., at syllabus.
 III. Argument {¶ 11} In his first assignment of error, the Appellant contends that the trial court improvidently dismissed his post-conviction relief petition without the benefit of an evidentiary hearing. In support of his petition, the Appellant submitted to the trial court an affidavit from himself, a copy of the Chillicothe Municipal Court's furlough entry, a letter from the jail administrator regarding furlough release procedure, an unrelated furlough acknowledgment from the police department in Washington Courthouse, Ohio, and an unrelated incident report from the Fayette County Sheriff's Department. None of the aforementioned documents contained facts pertaining to the Appellant's trial counsel's alleged ineffective assistance. The trial court reviewed the documents and found that the Appellant failed to meet his initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.
 {¶ 12} In this appeal, the Appellant argues that the trial court erred to his prejudice when it denied his petition for post-conviction relief without holding an evidentiary hearing on his trial counsel's failure to raise the lack of service of process of the court-ordered furlough as a defense to his escape charge. In order to show that his trial counsel performed ineffectively, the Appellant must meet two requirements. First, he must demonstrate that counsel's performance was deficient by showing that counsel committed errors so serious that he or she was not, in effect, functioning as counsel. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. Second, the Appellant must demonstrate that these errors prejudiced his defense. Id. In order to prove that counsel's deficient performance prejudiced his defense, the Appellant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, 143,538 N.E.2d 373.
 {¶ 13} As stated supra, nothing in the Appellant's petition for post conviction relief, his affidavit, or the accompanying documents he submitted suggested that his trial counsel was ineffective, or that but for such alleged ineffectiveness, the outcome of his trial would have been different. The Appellant failed to set forth sufficient operative facts in his petition to establish substantive grounds for post-conviction relief. Thus, we overrule his first assignment of error.
 {¶ 14} In his second assignment of error, the Appellant argues that the trial court erred to his prejudice when it failed to issue findings of fact and conclusions of law upon denying his post-conviction petition without holding an evidentiary hearing. In its February 2, 2006 Journal Entry, however, the trial court plainly issued findings of fact relating to the Appellant's post-conviction petition, and issued conclusions of law based on those findings. Therefore, we overrule the Appellant's second assignment of error.
 IV. Conclusion {¶ 15} In our view, the Appellant's petition for post-conviction relief does not set forth sufficient operative facts regarding his trial counsel's alleged ineffectiveness to establish substantive grounds for relief. As such, the Appellant was not entitled to a hearing. In light of these conclusions, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.