[Cite as *In re B.W.*, 2019-Ohio-5079.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| B.W. | Case No. 2019 CA 0067 |
|  | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2016 DEP 0136 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 6, 2019 |

APPEARANCES:

| For Appellee RCCS | For Appellant Mother |
|---|---|
| EDITH GILLILAND<br>731 Scholl Road<br>Mansfield, Ohio 44907 | DARIN AVERY<br>105 Sturges Avenue<br>Mansfield, Ohio 44903 |

*Wise, J.*

{¶1} Appellant Amanda W. appeals the decision of the Richland County Court of Common Pleas, Juvenile Division, which denied her request for the re-issuance of the judgment entry ordering her minor child B.W. into the legal custody of a paternal relative of the child. Appellee herein is Richland County Children Services ("RCCS"). The child's father is James W., who is not a participant in the present appeal.

{¶2} The relevant procedural facts leading to this appeal are as follows.[1]

{¶3} Appellant is the mother of the minor child B.W., age three. On October 31, 2016 Appellee RCCS filed a complaint in the Richland County Juvenile Court, alleging B.W. to be dependent under R.C. 2151.04. The agency's concerns included the parents' substance abuse issues and lack of financial stability. Trial counsel for appellant was appointed on November 16, 2016.

{¶4} The trial court subsequently granted RCCS protective supervision. However, in March 2017, pursuant to a motion for an expedited placement decision, the trial court placed B.W. with an out-of-state paternal relative, L.W.

{¶5} On March 23, 2018, RCCS filed a request for legal custody of B.W. to be granted to L.W., the aforesaid relative. Via a magistrate's decision issued on October 11, 2018, legal custody of B.W. was granted to L.W. Objections were thereafter filed; however, on March 27, 2019, the trial court approved and adopted the magistrate's decision, with certain modifications not pertinent to the present appeal.

---

[1] The trial court record as transmitted to us is not complete. It consists of a full docket printout and just the trial court filings after May 29, 2019. As such, we are herein relying on these documents and the history of the case as presented in the parties' briefs.

{¶6}   On April 22, 2019, twenty-six days after the judgment entry ordering legal custody of B.W. to L.W., the trial court reappointed appellant's trial counsel.

{¶7}   On May 15, 2019, appellant's said trial counsel filed a notice of appeal in the trial court. That case was assigned appellate number 2019CA0042.  However, at said counsel's request, the trial court ordered her withdrawn as appellant's counsel on June 20, 2019.

{¶8}   In the meantime, on May 20, 2019, the trial court appointed appellant's present counsel for purposes of an appeal.

{¶9}   On July 5, 2019, appellant, via her present counsel, filed a motion asking the trial court to refile its March 27, 2019 judgment entry granting legal custody of B.W. to L.W.[2]

{¶10}  On July 12, 2019, the trial court issued a judgment entry denying appellant's request to refile the legal custody judgment entry.

{¶11}  On July 16, 2019, appellant filed a notice of appeal.[3] She herein raises the following sole Assignment of Error:

{¶12}  "I.  THE COURT ERRED IN REFUSING TO REFILE ITS MARCH 27, 2019 JUDGMENT ENTRY THAT WOULD PROVIDE MOTHER AN OPPORTUNITY TO FILE HER APPEAL."

---

[2]   The child's father, via his trial counsel, had filed a similar motion on June 11, 2019. The trial court denied the father's motion on June 21, 2019. His appeal was dismissed by this Court on August 7, 2019, as being untimely filed.

[3]   At the time of her notice of appeal, appellant's first appeal (2019CA0042) was still pending in this Court.  We dismissed that appeal on August 7, 2019.

I.

{¶13} In her sole Assignment of Error, appellant contends the court erred in refusing to "refile" its March 27, 2019 judgment entry granting legal custody of B.W. to a relative. We disagree.

{¶14} Appellant's present argument is essentially founded upon the basic parental right to counsel in Chapter 2151 proceedings. As appellant duly notes, R.C. 2151.352 states in pertinent part:

A child, the child's parents or custodian, or any other person in loco parentis of the child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code. If, as an indigent person, a party is unable to employ counsel, the party is entitled to have counsel provided for the person pursuant to Chapter 120. of the Revised Code except in civil matters in which the juvenile court is exercising jurisdiction pursuant to division (A)(2), (3), (9), (10), (11), (12), or (13); (B)(2), (3), (4), (5), or (6); (C); (D); or (F)(1) or (2) of section 2151.23 of the Revised Code. If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person. ***.

{¶15} In addition, Juv.R. 4(A) states, in pertinent part: "Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. ***."

**{¶16}** However, in Ohio, there is a general inapplicability of ineffective assistance of counsel claims in civil litigation. *See Brunner Firm Co., L.P.A. v. Bussard*, 10th Dist. Franklin No. 07AP-867, 2008-Ohio-4684, ¶ 31. As an exception, we have recognized "ineffective assistance" claims in permanent custody appeals. *See, e.g., In re Utt Children,* 5th Dist. Stark No. 2003CA00196, 2003–Ohio–4576. *Accord Jones v. Lucas County Children Services Board*, 46 Ohio App.3d 85, 546 N.E.2d 471 (6th Dist.1988). But we have not expanded the doctrine of ineffective assistance of counsel beyond criminal cases and those involving permanent custody, *i.e.*, the permanent termination of parental rights. *See In re Logwood*, 5th Dist. Guernsey No. 2004–CA–38, 2005–Ohio–3639, ¶ 26.

**{¶17}** In the case *sub judice*, appellant primarily directs us to *State v. Gover*, 71 Ohio St.3d 577, 580, 645 N.E.2d 1246, 1249 (1995). In that case, after the defendant, Anthony Gover had been convicted of aggravated robbery in 1991, the Hamilton County Court of Common Pleas failed to inform his appointed appellate counsel of the fact of his appointment. In 1992, Gover, acting *pro se*, attempted several times to obtain leave for a delayed appeal, which the First District Court of Appeals denied. In 1994, Gover, with the assistance of the State Public Defender's Office, filed a motion for reconsideration of the judgment entry overruling his first motion for a delayed appeal. Gover also requested in the alternative a reopening of his appeal due to the ineffectiveness of appellate counsel pursuant to App.R. 26(B). These motions were denied by the First District Court of Appeals.

**{¶18}** Gover then appealed to the Ohio Supreme Court, which ultimately determined that his "proper remedy [was] to file a petition for postconviction relief under

R.C. 2953.21." *Id.* at 580. The Supreme Court further concluded that should Gover pursue such postconviction relief and demonstrate a denial of his right to counsel, "[t]he appropriate avenue of relief *** is for the trial court to reenter the judgment against the defendant, with the result of reinstating the time within which the defendant may timely file a notice of appeal pursuant to App.R. 4(A)." *Id.* at 581.

**{¶19}** Appellant presently urges that *Gover* would thus permit the trial court in the instant case to "restart [her] appellate clock" by reissuing the March 27, 2019 custody order, and she maintains it was error not to do so upon her request. Appellant's Brief at 10.

**{¶20}** However, we find no basis to extend the *Gover* decision beyond the criminal context in which it was decided. Unlike Mr. Gover, appellant is not afforded the statutory right to pursue postconviction relief (*see* R.C. 2953.21(A)(1)(a)), and this case does not involve the permanent loss of her parental rights such that an "ineffective assistance" analysis is in any way warranted. *Logwood*, *supra*. Moreover, even if this case had resulted in the termination of appellant's parental rights, no delayed appeal mechanism is available (*see In re B.C.*, 141 Ohio St. 3d 55, 58, 2014-Ohio-4558, 21 N.E.3d 308); thus, the jurisdiction of this Court could have only been invoked by a timely-filed notice of appeal.

**{¶21}** We hold the trial court did not err in refusing to refile or reissue its March 27, 2019 judgment entry concerning legal custody of B.W. Appellant's sole Assignment of Error is therefore overruled.

**{¶22}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/d 1118