[Cite as *State v. Medina*, 2022-Ohio-1070.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                        No. 110726

    v.                                  :

ALBERTO MEDINA,                         :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 31, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-14-589200-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

Alberto Medina, *pro se.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Alberto Medina ("Medina"), pro se, appeals from the trial court's denial of his petition for postconviction relief. For the reasons set forth below, we affirm.

{¶ 2} In September 2014, Medina was charged in a 12-count indictment. Counts 1-2 charged him with aggravated murder. Count 3 charged him with aggravated burglary. Count 4 charged him with kidnapping. Count 5 charged him with murder. Counts 6-7 charged him with felonious assault. Count 8 charged him with domestic violence. Counts 9-11 charged him with endangering children. Count 12 charged him with tampering with evidence.[1]

{¶ 3} In December 2014, Medina entered into a plea agreement with plaintiff-appellee, the state of Ohio in which he pled guilty to an amended charge of aggravated murder with a three-year firearm specification (Count 1) and endangering children as charged in Counts 9-11. The remaining counts were dismissed. The court then proceeded to sentence Medina to a total of 33 years to life in prison, which was the jointly recommended sentence as part of the plea agreement.

{¶ 4} In August 2016, more than a year and a half after sentencing, Medina filed a pro se motion for delayed appeal in *State v. Medina*, 8th Dist. Cuyahoga No. 104826, claiming that he was never advised of his right to appeal at sentencing.[2] This court denied Medina's motion. Medina filed a pro se delayed appeal with the Ohio Supreme Court, which was denied in *State v. Medina*, 149 Ohio St.3d 1405,

---

[1] Each of Counts 1-7 carried one- and three-year firearm specifications. Counts 1-2 also carried a sexually violent predator specification.

[2] The state indicates in its appellate brief that it "previously acknowledged that the transcripts do not indicate that Medina was advised of his right to appellate counsel at that time."

2017-Ohio-2822, 74 N.E.3d 463. Medina then pursued a pro se writ of habeas corpus in the United States District Court for the Northern District of Ohio, which was dismissed in *Medina v. Bracy*, N.D.Ohio No. 1:17-CV-01884, 2020 U.S. Dist. LEXIS 251600 (Oct. 22, 2020), and *Medina v. Bracy*, N.D.Ohio No. 1:17-CV-01884, 2021 U.S. Dist. LEXIS 45536 (Mar. 11, 2021).

{¶ 5} In June 2021, Medina filed a pro se petition for postconviction relief with the trial court. Medina argued that the trial court failed to advise him at sentencing of his right to appeal, including the right to appellate counsel. He supported the petition with his own affidavit, in which he stated, if he knew of his "constitutional rights to appeal and have counsel on said appeal, [he] would certainly have appealed, minimally, on the issues of ineffective assistance of counsel and as to whether [his] plea was knowingly, voluntarily and intelligently made." The state opposed, and the trial court denied the petition in July 2021.

{¶ 6} It is from this order that Medina appeals, raising the following three assignments of error for review, which shall be discussed together:

> **Assignment of Error One**: [Medina] was denied due process of law under the Ohio and U.S. Constitutions when the trial court failed to provide him his right to appeal and subsequently denied his postconviction petition seeking to restore the jurisdiction of the court to provide him the constitutional rights which he was deprived of at sentencing pursuant to *State v. Future*, [8th Dist. Cuyahoga No. 96997, 2012-Ohio-2300], citing *State v. Gover*, [71 Ohio St.3d 577, 645 N.E.2d 1246 (1995)].
>
> **Assignment of Error Two**: [Medina] was denied equal protection under the law as required by the Fourteenth Amendment to the U.S. Constitution when he was not afforded the same opportunity to have

his appellate rights provided to him as other similarly situated defendants.

**Assignment of Error Three**: [Medina] was denied the effective assistance of counsel when counsel failed to query for want of appeal, inform him of his right to appeal and his right to counsel on said appeal, and other avenues for remedy of the denial of constitutional rights, to include a postconviction petition.

{¶ 7} Within these assigned errors, Medina argues his petition for postconviction relief is proper under *Future* and that his direct appeal was untimely because he was unaware of the time limits to file an appeal. Medina claims his ignorance was due to the failures of both his defense counsel and the trial court to inform him of his appellate rights. Medina further claims that the denial of his right to a timely appeal and appellate counsel violates his constitutional rights to due process and equal protection. Medina also argues he was denied his right to effective assistance of counsel when defense counsel failed to explain his right to an appeal.

{¶ 8} In *Future*, the trial court failed to advise the defendant of his appellate rights. *Id.* at ¶ 2. The defendant then filed a motion for resentencing three years after his guilty plea, which the trial court granted. *Id.* On appeal, this court, relying on *Gover*, noted that the appropriate remedy, in this instance, "is first to seek leave to file a delayed appeal with this court and, if unsuccessful, to then file a motion for postconviction relief through R.C. 2953.21 with the trial court." *Id.* at ¶ 5. As a result, this court found that the "trial court lacked jurisdiction to vacate a final order of sentence without a postconviction relief petition" and reversed and remanded the matter to the trial court with instructions to reinstate its original sentencing entry. *Id.* at ¶ 7-8.

{¶ 9} In *Gover*, the trial court informed the defendant of his right to appeal his conviction at the sentencing hearing but did not take the proper steps to inform defendant's attorney of the appointment on appeal. As a result, a timely appeal was not filed. Ten months later, when the defendant realized that a direct appeal had not been filed, he moved the appellate court for a delayed appeal on the basis that he believed an appointed attorney would be bringing the appeal on his behalf. The appellate court denied the motion for a delayed appeal, and also denied the motion to reconsider filed by a state public defender. The matter was then appealed to the Ohio Supreme Court. *Id.*, 71 Ohio St.3d at 577-578, 645 N.E.2d 1246.

{¶ 10} The *Gover* Court held that since the denial of the right to appellate counsel was due to an error at the trial level, a motion before the appellate court was not the appropriate way for the defendant to seek relief. *Id.* at 580. Instead, "Gover should himself file a petition for postconviction relief under R.C. 2953.21. The time between the entry of the judgment of conviction and the filing of the postconviction relief petition will not be problematic, since a petition under that statute may be filed *'at any time.'* R.C. 2953.21(A)." (Emphasis added.) *Id.* After the filing of the petition, R.C. 2953.21(C) requires that the trial court consider whether the petition presents substantive grounds for relief. The Ohio Supreme Court has "already established that a failure by a trial court to notify appointed appellate counsel of his appointment qualifies as a denial of the defendant's right to counsel[.]" *Id.* at 581. The *Gover* Court concluded that the "appropriate avenue of relief in this case is for the trial court to reenter the judgment against the defendant, with the result of

reinstating the time within which the defendant may timely file a notice of appeal pursuant to App.R. 4(A)." *Id.*, citing *State v. Miller*, 44 Ohio App.3d 42, 541 N.E.2d 105 (6th Dist.1988).

{¶ 11} However, at the time *Gover* was issued in 1995, R.C. 2953.21 did not set forth a time limit for the filing of a postconviction relief petition. The statute has subsequently been amended to now provide that in instances where no direct appeal is taken, the petition shall be filed no later than 365 days after the expiration of the time for filing the appeal, except as otherwise provided in R.C. 2953.23. R.C. 2953.21(A)(2)(a).

{¶ 12} R.C. 2953.23 provides that the trial court may entertain an untimely petition for postconviction relief if the petitioner demonstrates either (1) the petitioner was unavoidably prevented from discovering facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in petitioner's situation, and the petitioner establishes by clear and convincing evidence that no reasonable factfinder would have found him guilty but for constitutional error at trial. R.C. 2953.23(A)(1)(a)-(b). Alternatively, the trial court may entertain untimely petition for postconviction relief if the petitioner presents DNA testing that establishes actual innocence. R.C. 2953.23(A)(2).

{¶ 13} Here, Medina's petition for postconviction relief was due in January 2016 since he did not file a direct appeal from his conviction. Medina, however, did not file his petition until five and a half years later in June 2021. Therefore, Medina's

petition is clearly untimely. With regard to the relevant exceptions set forth in R.C. 2953.23, Medina did not present "facts" that he was "unavoidably prevented from discovering," nor did he identify a new federal or state right recognized by the United States Supreme Court. R.C. 2953.23(A)(1)(a). Medina also did not conduct DNA testing that yielded new evidence as set forth in R.C. 2953.23(A)(2). Thus, Medina has failed to demonstrate any of the R.C. 2953.23 exceptions entitling him relief.

{¶ 14} Because none of these exceptions apply, the trial court was without jurisdiction to consider Medina's untimely petition for postconviction relief. *State v. Schultz*, 8th Dist. Cuyahoga No. 85430, 2005-Ohio-6627, ¶ 11, citing *State v. Warren*, 8th Dist. Cuyahoga No. 76612, 2000 Ohio App. LEXIS 5873 (Dec. 14, 2000); *State v. Valentine*, 8th Dist. Cuyahoga No. 77882, 2000 Ohio App. LEXIS 5686 (Dec. 7, 2000); *State v. Wheatt*, 8th Dist. Cuyahoga App. No. 77292, 2000 Ohio App. LEXIS 4953 (Oct. 26, 2000); *State v. Gaddis*, 8th Dist. Cuyahoga No. 77058, 2000 Ohio App. LEXIS 4765 (Oct. 12, 2000); *see also State v. Williams*, 8th Dist. Cuyahoga No. 100639, 2014-Ohio-3589, ¶ 7, citing *State v. Hutton*, 8th Dist. Cuyahoga No. 80763, 2007-Ohio-5443 (Where this court stated, "The time requirement for postconviction relief, pursuant to R.C. 2953.21(A), is jurisdictional."); *State v. Scott*, 8th Dist. Cuyahoga No. 106863, 2018-Ohio-4894, ¶ 12, citing *State v. Alexander*, 8th Dist. Cuyahoga No. 105969, 2018-Ohio-1198 (Where this court stated, "Generally, the trial court has no jurisdiction to consider an untimely petition for postconviction relief."). Therefore, because Medina's

petition was untimely and no exception under R.C. 2953.23(A) applies, the trial court properly dismissed his petition for postconviction relief.

{¶ 15} Accordingly, the first, second, and third assignments of error are overruled.

{¶ 16} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR