NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0539n.06
Filed: June 23, 2005

No. 02-4183

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| DONALD LEE HARDING, | ) |
| | ) ON APPEAL FROM THE |
| *Petitioner-Appellant,* | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE SOUTHERN |
| | ) DISTRICT OF OHIO |
| v. | ) |
| | ) |
| HARRY K. RUSSELL, Warden, | ) OPINION |
| | ) |
| *Respondent-Appellee.* | ) |

BEFORE:   MOORE and GIBBONS, Circuit Judges; MILLS, District Judge.[*]

**RICHARD MILLS, District Judge:**

Donald Lee Harding appeals from the district court's denial of his petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### I. BACKGROUND

On January 28, 1988, Charles W. Root was killed at his place of employment,

_____

[*]The Honorable Richard Mills, United States District Judge for the Central District of
Illinois, sitting by designation.

1

a convenience store in Columbus, Ohio. His death was caused by repeated blows to the head from a 31-pound cannister of carbon dioxide. A police officer observed a white and maroon vehicle leaving the scene and obtained a partial license plate number. A computer search disclosed that a car matching the officer's description was registered at Donald Lee Harding's address.

The police arrived at Harding's address at 4:00 a.m. on the morning of January 28. The officers found the car parked on the street with its engine compartment still warm. Moreover, unlike other cars, the vehicle had no snow on its windshield, and the wheel wells were wet. Harding's grandfather answered the officers' knock on the door and indicated that Harding was upstairs sleeping. The officers proceeded upstairs to his bedroom and got him out of bed. Once in the room, the officers observed a tennis shoe consistent with a print found at the scene and a leather jacket with blood spattered on it. Harding also had blood on his fingers and nails. The police officers placed him under arrest and returned the next afternoon with a search warrant.[1]

On February 4, 1988, Harding was indicted by the Franklin County grand jury on two counts: (1) aggravated murder while committing or attempting to commit the

---

[1]The Appellee notes that a warrant was signed at 11:55 a.m. on January 28, 1988–approximately eight hours after the officers first entered the residence.

offense of aggravated robbery; and (2) aggravated robbery. On February 2, 1989, Harding waived his right to a jury trial and entered a plea of no contest before a three-judge panel. The purpose of entering the no-contest plea was to preserve for appeal a Fourth Amendment issue pertaining to the trial court's adverse ruling on Harding's motion to suppress the fruits of an alleged unlawful, warrantless search of his residence. Harding was sentenced to an aggregate term of 30 years to life imprisonment.[2] The trial court informed him that the Franklin County Public Defender's Office would be appointed to represent him for the purposes of appeal.

On March 3, 1989, the sentence was entered. Pursuant to Ohio law, Harding had 30 days to file an appeal as of right. Almost fifteen months after the 30 days expired, on June 27, 1990, the public defender's office filed a motion for leave to file a delayed direct appeal in the Franklin County Court of Appeals. The lone assignment of error was that the trial court erred in denying a motion to suppress the results of a warrantless search conducted in violation of the Fourth and Fourteenth Amendments. On January 8, 1991, the court of appeals denied Harding's motion for leave to file the late appeal, determining that the "inevitable result in this case is the affirmance of the trial court's judgment."

---

[2]Harding was sentenced to life imprisonment with parole eligibility after twenty years on the aggravated murder count. He was sentenced on the aggravated robbery count to a term of ten to twenty-five years, to be served consecutively to the aggravated robbery count.

Harding next filed a notice of appeal in the Ohio Supreme Court. In his memorandum in support of jurisdiction, Harding asserted that an appellate court should freely grant a criminal defendant leave to appeal his conviction when the delay in timely perfecting a direct appeal was not occasioned by waiver or other action of the defendant himself. The motion for leave to appeal was dismissed.

On April 1, 1996, Harding filed a petition seeking post-conviction relief in the Franklin County Court of Common Pleas. In his post-conviction petition, Harding claimed that his rights under the Constitution were violated in several ways, most of which involved either the failure to file an appeal or the warrantless arrest and search. On July 23, 1997, the trial court denied the petition for post-conviction relief, finding that most of the claims were barred by the doctrine of res judicata. On April 10, 1998, the court of appeals affirmed the denial of post-conviction relief.

On May 22, 1998, Harding filed a notice of appeal and a memorandum in support of jurisdiction in the Ohio Supreme Court requesting review of the decisions denying him post-conviction relief. Harding argued that the denial of a motion for leave to file a delayed appeal does not constitute an adjudication on the merits of the errors claimed to have occurred below. He also argued that his constitutional rights were violated because of counsel's failure to file the appeal. On July 22, 1998, the Ohio Supreme Court declined to exercise jurisdiction to hear the case, determining

4

that it did not involve a substantial constitutional question.

On September 10, 1998, Harding filed a petition initiating federal habeas proceedings in the Southern District of Ohio. On September 22, 1999, the district court dismissed Harding's habeas corpus action on the grounds that he failed to exhaust his state court remedies as to two of his claims for relief. That dismissal is not the subject of the instant appeal.

On October 20, 1999, Harding filed a notice of appeal to this Court. On December 8, 1999, the district court granted a certificate of appealability. On May 22, 2000, this Court remanded the case to the district court for further consideration of the certificate of appealability. On August 16, 2000, the district court issued a renewed certificate of appealability as to the issue of whether Harding had exhausted claims two and five, which involved the alleged ineffective assistance of counsel in failing to file a timely notice of direct appeal.

On October 11, 2001, this Court concluded that Harding had, in fact, exhausted his state remedies as to claims two and five. The Appellee alleges this Court found that the January 8, 1991 state court of appeals decision denying Harding's motion for delayed directed appeal constituted a decision on the merits as to his ineffective assistance of counsel claims. This Court stated, "Regardless of whether the procedural route Mr. Harding followed was the correct one under Ohio law, the Ohio

5

courts gave him what was, in truth and in fact, a decision on the merits of the ineffective assistance of counsel claim." This Court reversed the dismissal of the habeas petition and remanded the case to the district court.

On October 29, 2001, the district court ordered the parties to file supplemental briefs as to the merits of the claims. On February 28, 2002, Harding filed a motion for partial summary judgment wherein he asserted that he was entitled to judgment as a matter of law on several issues pertaining to his ineffective assistance of counsel claims.

On August 22, 2002, the magistrate judge issued a report and recommendation in which he recommended that: (1) claim one (denial of right to counsel) be dismissed on the merits; (2) claim two (denial of right to an effective first appeal) be dismissed on the merits; (3) claim three (warrantless arrest and search) be dismissed because the issue is not actionable in federal habeas; (4) claim four (ineffective assistance of trial counsel for assuming the burden of production) be dismissed on procedural default grounds; (5) claim five (ineffective assistance of appellate counsel) be dismissed on the merits; and (6) claim six (the constitutionality of Ohio's post-conviction relief scheme) be dismissed because the issue is not actionable in federal habeas. Following Harding's objections to the report and recommendation, the district judge issued an order overruling the objections and adopting the report and recommendation.

6

Judgement was entered dismissing the case.

On October 10, 2002, Harding filed a timely notice of appeal and concurrently sought a certificate of appealability. The district court issued a certificate of appealability as to claims one, two, three, and five. The Sixth Circuit construed Harding's notice of appeal as a request for a certificate of appealability as to claims four and six and denied the same on April 14, 2003. Accordingly, this action is presently before us on certified claims one, two, three, and five.

## II. ANALYSIS

We review de novo the district court's legal conclusions, but will set aside its findings of fact only if the findings are clearly erroneous. *Lott v. Coyle*, 261 F.3d 594, 606 (6th Cir.2001). The standard of review for state-court determinations on the merits is dictated by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified principally at 28 U.S.C. § 2254(d). Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state-court decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, (2000). An "unreasonable application" of federal law occurs when a "state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

AEDPA also provides that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

Harding argues first that this Court's announcement in *Harding v. Russell*, 2001WL 1254823 (6th Cir. Oct. 11, 2001), that the January 8, 1991 state appellate court decision denying his motion for leave to file a delayed appeal amounted to a

decision on the merits of the claims, did not constitute the "law of the case" such that the district court was obligated to dismiss those claims on the merits. He contends that this Court's previous decision addressed only what constitutes a merits decision for purposes of satisfying the doctrine of exhaustion. It did not address the issue of whether state procedures complied with constitutional requirements. Harding alleges that he was denied the effective assistance of counsel on direct appeal because of the trial court's failure to notify appointed counsel of their appointment or because appointed counsel failed to timely file the appeal. Prejudice is presumed under either scenario. Additionally, Harding claims that the adjudication of his motion for leave to file a delayed appeal under former Rule 5 of the Ohio Rules of Appellate Procedure enabled the state appellate court to dismiss the motion for delayed appeal if he failed to establish: (1) a substantial reason for the failure to timely file; and (2) probability of error–not whether the claimed error had merit requiring relief. Harding contends that this violated his Fourteenth Amendment rights under *Smith v. Robbins*, 528 U.S. 259, 265 (2000), in which the Supreme Court held that states are free to adopt appellate procedures, as long as those procedures "adequately safeguard a defendant's right to appellate counsel."

The Appellee contends that the ruling of the state court of appeals denying Harding leave to appeal, wherein it noted that the inevitable result would be an

9

affirmance, was a ruling on the merits. Accordingly, because the district court properly concluded that Harding did not forfeit his right to direct appeal through counsel's actions (or inaction), and that ineffective assistance of counsel was not demonstrated due to a lack of prejudice, claims one, two and five are without merit. The Appellee further asserts that the district court correctly determined that claim three, in which Harding contends that the trial court erred in holding that the warrantless entry into his residence did not constitute a Fourth Amendment violation, was without merit or non-cognizable in habeas proceedings.

In *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984), the Supreme Court held that criminal defendants have a Sixth Amendment right to the effective assistance of counsel. To prevail on an ineffective assistance claim, a petitioner must show that counsel's performance was deficient and that it prejudiced his defense. *See Strickland*, 466 U.S. at 687. The *Strickland* test applies in cases in which there is a claim that counsel was ineffective for failing to file a notice of appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In order to satisfy the prejudice prong of *Strickland*, a petitioner must demonstrate that counsel's deficient performance actually caused the forfeiture of his appeal. *See id.* at 484.

We hold that Harding is unable to show prejudice under *Strickland*. Harding's motion for leave to file a delayed direct appeal raised only one assignment of

10

error–that the trial court erred in denying his motion to suppress evidence seized during the warrantless entry and search of his home. The merits of the Fourth Amendment issue were fully briefed by the parties. In considering Harding's motion for leave to appeal, the state court of appeals noted that the trial court denied his motion to suppress on the basis that exigent circumstances existed. The court of appeals identified Harding's sole assignment of error. In denying Harding's motion that court stated, "[T]he partial transcript of proceedings submitted in support of appellant's motion indicates that the inevitable result in this case is affirmance of the trial court's judgment." It is clear, therefore, that despite the brevity of the memorandum decision of the court of appeals,[3] that court did perform a merits review of the suppression issue. Accordingly, as to his ineffective assistance of counsel claims, Harding cannot show prejudice pursuant to the second prong of *Strickland*, in that he is unable to show that counsel's performance caused the forfeiture of his appeal.

We also conclude that Harding's Fourth Amendment claim is foreclosed by *Stone v. Powell*, 428 U.S. 465, 494 (1976), in which the Supreme Court held, "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on

_____

[3]The memorandum decision was less than two pages.

the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." The courts of Ohio provided Harding with adequate procedural mechanisms in which to pursue his Fourth Amendment claim. *See Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) ("First, the court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of that mechanism.") (internal quotations omitted). Pursuant to Ohio law, Harding filed a pretrial motion to suppress and appealed the denial of the motion. Because the State of Ohio provided a full and fair opportunity for Harding to litigate his Fourth Amendment claim, we conclude that claim is not cognizable on habeas review.[4]

## III. CONCLUSION

For the foregoing reasons, we find no error in the district court's dismissal of Harding's habeas corpus petition. Accordingly, the judgment of the district court is **AFFIRMED**.

KAREN NELSON MOORE, Circuit Judge. Concurs in the judgment only.

---

[4]Moreover, even if we determined that Harding's Fourth Amendment claim was not foreclosed by *Stone*, we are unable to conclude that the state courts' determination that there were exigent circumstances justifying the warrantless entry was "contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

12