[Cite as *State v. Future*, 2012-Ohio-2300.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96997**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DARWIN FUTURE

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-505815

**BEFORE:** Celebrezze, P.J., Cooney, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 24, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:    John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Appellant, Darwin Future, alleges that

> the trial court's plea colloquy was constitutionally inadequate when it failed to advise appellant that his right against self-incrimination included a constitutional protection against any adverse comment being made about, or adverse inference drawn from, the exercise of his right not to testify at trial.

However, because the trial court lacked jurisdiction to grant appellant's motion for resentencing, we reverse the trial court's entry filed June 8, 2011, remand this cause to the trial court with instructions to vacate this entry, and reinstate the April 30, 2008 sentencing entry.

**{¶2}** Appellant pled guilty to two counts of felonious assault with three-year firearm specifications and having a weapon under disability on April 7, 2008. He was originally sentenced on April 30, 2008 to an aggregate prison term of 15 years. At sentencing, the trial court failed to advise appellant of his appellate rights. As a result of this lapse, three years later, appellant filed a motion for resentencing on April 18, 2011. The state did not oppose the motion, and a resentencing hearing was conducted to restart the period appellant had to perfect an original appeal.

**{¶3}** Appellant did just that, claiming the above-cited error. However, he did not seek leave to file a delayed appeal with this court and did not file a motion for postconviction relief based on the failure of the trial court to advise him of his appellate rights under Crim.R. 32.

{¶4} Last year, this court addressed a very similar case with a slightly different procedural posture, *State v. Barr*, 8th Dist. No. 96907, 2011-Ohio-6651. In that case, the trial court denied Barr's motion for resentencing filed four years after his original sentence was imposed, claiming the trial court failed to advise him of his appellate rights. This court affirmed the denial and further held that because the original sentence was a final order, "the trial court lack[ed] jurisdiction to resentence Barr pursuant to a 'motion for resentencing.'" *Id*. at ¶ 9.

{¶5} As set forth in *State v. Gover,* 71 Ohio St.3d 577, 645 N.E.2d 1246 (1995), the appropriate remedy is first to seek leave to file a delayed appeal with this court and, if unsuccessful, to then file a motion for postconviction relief through R.C. 2953.21 with the trial court.

{¶6} Appellant cites *State v. Hunter,* 8th Dist. No. 92626, 2010-Ohio-657, as controlling precedent. That case is similar to the present situation with one important distinction. At the time his appeal was decided, Hunter's sentence was considered void for lack of proper imposition of postrelease control. *Id*. at ¶ 9, 16. The sentence was not a final order and could be modified by the trial court. In the case before us, we have a sentence that constitutes a final order that cannot be modified absent some jurisdictional basis. *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671.

{¶7} The trial court lacked jurisdiction to vacate a final order of sentence without a postconviction relief petition. Its attempt to reinstate the time period to perfect an appeal was void.

**{¶8}** Judgment reversed, and the cause is remanded to the trial court with instructions to vacate its June 8, 2011 entry and reinstate its April 30, 2008 entry.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
EILEEN A. GALLAGHER, J., CONCUR