[Cite as *State v. Ayers*, 2013-Ohio-2641.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :          CASE NO.   CA2011-11-123

                                        :                   O P I N I O N
   - vs -                                             6/24/2013

                                        :

JAMES MICHAEL AYERS,                    :

    Defendant-Appellant.                :


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 10CR26562


David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Rose & Dobyns Co., LPA, Scott B. Evans, 97 N. South Street, Wilmington, Ohio 45177, for defendant-appellant


**RINGLAND, J.**

{¶ 1}   Defendant-appellant, James Michael Ayers, appeals from a Warren County Court of Common Pleas decision resentencing him upon remand from this court to correct an allied-offenses sentencing error.

{¶ 2}   On November 24, 2008, Ayers was indicted on one count of breaking and entering, one count of theft, and one count of possession of criminal tools. The charges

were based on his alleged role in a robbery at a Save-a-Lot store on October 4, 2008.

{¶ 3} On May 3, 2010, while charges from his November 24, 2008 indictment were still pending, Ayers was also indicted on one count of abduction, one count of grand theft of a motor vehicle, one count of having weapons under disability, one count of unlawful possession of a dangerous ordnance, two counts of aggravated robbery, two counts of breaking and entering, two counts of grand theft, and two counts of kidnapping. These charges were based on his alleged role in three robberies taking place on January 8, 2009 at a Speedway gas station, on June 22, 2009 at Davidson Jewelers, and on July 6, 2009 at the same Save-a-Lot store he was charged with robbing previously.

{¶ 4} On November 8, 2010, Ayers filed a motion requesting the trial court to sever all charges stemming from the November 24, 2008 and May 3, 2010 indictments. In support of this motion, Ayers argued that "the charges against [him arose] from four separate dates and [were] not connected in any way." Thereafter, on November 16, 2010, the state filed a motion to consolidate the charges. That same day, the trial court, "[a]fter listening to the arguments of counsel in chambers," issued an order granting Ayers' motion to sever the charges stemming from the January 8, 2009 Speedway robbery. The remaining charges resulting from the October 4, 2008 and July 6, 2009 Save-a-Lot robberies, as well as the June 22, 2009 Davidson Jewelers robbery, were then set for trial.

{¶ 5} On November 18, 2010, prior to the start of trial, Ayers pled guilty to one count of breaking and entering, one count of theft, and one count of possession of criminal tools stemming from the October 4, 2008 Save-a-Lot robbery, as well as one count of breaking and entering and one count of grand theft stemming from the June 22, 2009 Davidson Jewelers robbery. Thereafter, once the two-day jury trial was complete, Ayers was found guilty of one count of breaking and entering, one count of aggravated robbery, one count of grand theft, two counts of kidnapping, and one count of grand theft of a motor vehicle, all of

- 2 -

which were accompanied by firearm specifications, resulting from the July 6, 2009 Save-a-Lot robbery.

{¶ 6} On December 2, 2010, prior to his sentencing hearing, Ayers pled guilty to one count of aggravated robbery and one count of unlawful possession of a dangerous ordinance, both of which contained firearm specifications, stemming from the January 8, 2009 Speedway robbery. In exchange for his guilty plea, the state dismissed Ayers' remaining abduction and having weapons under disability charges. Ayers was then sentenced to serve a total of 26 years in prison and ordered to pay restitution.

{¶ 7} On appeal, this court held that Count 11, theft, should have been merged with Count 8, aggravated robbery, as allied offenses of similar import. *State v. Ayers*, 12th Dist. Nos. CA201-12-119 and CA2010-12-120, 2011-Ohio-4719 (*Ayers I*). Thus, this court reversed and remanded the matter to the trial court to merge those two offenses and resentence Ayers.

{¶ 8} On remand, the trial court resentenced Ayers on November 9, 2011, to an aggregate term of 26 years, seven of which were mandatory.[1]

{¶ 9} Ayers now appeals the new sentence, raising two assignments of error for our review.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED IN SENTENCING [AYERS] TO A TWENTY SIX YEAR PRISON TERM AND SEVEN YEAR TERM OF MANDATORY IMPRISONMENT.

{¶ 12} Within this assignment of error, Ayers argues that the trial court erred by failing to engage in the judicial fact-finding required by R.C. 2929.14(C)(4) in order to impose

---

1. We note that the trial court resentenced Ayers on all counts, rather than only those remanded for resentencing. However, because Ayers' sentence on the other counts was not altered from his prior sentencing, we find this error to be harmless. *Clay*, 2012-Ohio-5011, ¶ 24.

consecutive sentences.

{¶ 13} The Ohio legislature in 2011 Am.Sub.H.B. No. 86 (hereinafter "H.B. 86") amended R.C. 2929.14 and numerous other sections of the Revised Code. Notably, H.B. 86 amended former R.C. 2929.14(E)(4) as R.C. 2929.14(C)(4) to explicitly require judicial fact-finding when ordering the imposition of consecutive sentences. H.B. 86 took effect on September 30, 2011. As stated above, Ayers was resentenced upon remand on November 9, 2011. Ayers argues that because he was resentenced after the effective date of H.B. 86, it was necessary for the trial court to make the findings required by the amended R.C. 2929.14(C)(4). We disagree.

{¶ 14} While Ayers was resentenced on November 9, 2011, his original sentence was imposed on December 2, 2010, prior to the enactment of H.B. 86. The General Assembly expressly provided in Section 4 of H.B. 86 when the amendments were to be applicable: "The amendments * * * apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58(B) of the Revised Code makes the amendments applicable." In turn, R.C. 1.58(B) states: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, *if not already imposed*, shall be imposed according to the statute as amended." (Emphasis added.) Section 4 specifically states the legislature's intent not to make the changes to the sentencing laws retroactive unless the offender falls within the exception found in R.C. 1.58(B). *E.g., State v. Clay*, 12th Dist. No. CA2011-12-016, 2012-Ohio-5011, ¶ 15.

{¶ 15} In the present case, Ayers committed these offenses well before the September 30, 2011 effective date of H.B. 86. Accordingly, it would only be necessary for the trial court to meet the judicial fact-finding requirements of amended R.C. 2929.14(C)(4) if the penalty or punishment for the offenses had not "already been imposed" under R.C. 1.58(B).

- 4 -

{¶ 16} This court has previously held in *Clay* that there is a "penalty imposed" at the time of the original sentencing, regardless of whether the sentence is reversed and remanded to correct an allied-offense sentencing error. *Id.* at ¶ 18. Therefore, we find that a penalty was imposed on Ayers as of the original December 2, 2010 sentencing. Accordingly, it was not necessary for the trial court to meet the judicial fact-finding requirements imposed by H.B. 86 that became effective on September 30, 2011.

{¶ 17} In light of the foregoing, having found that the sentencing guidelines of H.B. 86 do not apply to resentencing where the original sentence was imposed prior to the enactment of H.B. 86, Ayers' first assignment of error is overruled.

{¶ 18} Assignment of Error No. 2:

{¶ 19} THE TRIAL COURT ERRED IN IMPOSING THE ONE YEAR FIREARM SPECIFICATION TO COUNT TWELVE OF THE INDICTMENT CONSECUTIVELY TO THE FIREARM SPECIFICATIONS IN COUNTS SEVEN THROUGH TEN OF THE INDICTMENT.

{¶ 20} Ayers argues in his second assignment of error that the trial court erred in sentencing him on multiple firearm specifications because all of the specifications were related to a single transaction.

{¶ 21} The state argues that the doctrine of res judicata bars Ayers from raising this assignment of error. However, as Ayers correctly notes, "[t]he interests that underlie res judicata, although critically important, do not override our duty to sentence defendants as required by the law." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 28. Therefore, one cannot be bound "to an unlawful sentence by failing to properly appeal it." *Id.*

{¶ 22} The trial court ordered Ayers to serve mandatory three-year sentences for firearm specifications related to felony aggravated robbery, possession of dangerous ordnance, breaking and entering, and kidnapping, as well as a mandatory one-year sentence for firearm specifications related to felony theft of a motor vehicle. According to R.C.

2929.14(B)(1)(a)(ii)-(iii), a sentencing court must impose a three-year sentence when a defendant is convicted of firearm specification within R.C. 2941.145 (offender displayed, brandished or utilized the firearm to facilitate the offense), and a one-year sentence when a defendant is convicted of a firearm specification within R.C. 2941.141 (offender had firearm during offense). However, and according to R.C. 2929.14(B)(1)(b), a court may not impose additional firearm specifications for felonies that were committed as part of the same act or transaction unless R.C. 2929.14(B)(1)(g) applies. R.C. 2929.14(B)(1)(g) states:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court *shall impose* on the offender the prison term specified under division (B)(1)(a) of this section for *each of the two most serious specifications* of which the offender is convicted or to which the offender pleads guilty and, *in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications*.

(Emphasis added.)

**{¶ 23}** The record is clear that Ayers was convicted of multiple felonies, including two counts of aggravated robbery. Therefore, the trial court was required by R.C. 2929.14(B)(1)(g) to sentence Ayers to the two most serious firearm specifications, and then had the discretion to impose any other prison term for the remaining gun specifications.

**{¶ 24}** Ayers argues that because he committed his crimes as part of a single criminal objective, the firearm specifications should have merged. Ayers cites several cases in which courts analyzed whether crimes were committed as part of single transaction, and then hold that the firearm specifications should have merged for purposes of sentencing if committed as part of a single criminal objective. *See, e.g., State v. Franklin*, 178 Ohio App.3d 460, 2008-Ohio-4811 (7th Dist.). However, regardless of whether Ayers' crimes were a single

transaction, R.C. 2929.14(B)(1)(g) specifically states that when a defendant is sentenced to more than one felony, including aggravated robbery, the sentencing court "shall impose" the two most serious gun specifications and then may, in its discretion, impose additional sentences for additional firearm specifications. *E.g., State v. Israel*, 12th Dist. No. CA2011-11-115, 2012-Ohio-4876, ¶ 69-72. Accordingly, the trial court did not err in failing to merge the firearm specifications. Furthermore, we cannot find that the trial court abused its discretion in ordering Ayers to serve a one-year sentence consecutive to three-year sentences on the firearm specifications related to numerous felonies.

{¶ 25} In light of the foregoing, having found that the trial court acted within its discretion in sentencing Ayers to consecutive sentences on the firearm specifications where one of the convictions was for felony aggravated robbery, Ayers' second assignment of error is overruled.

{¶ 26} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.