[Cite as *State v. Provens*, 2013-Ohio-3225.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2012CA00151 |
| ARMONE PROVENS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                                          Pleas, Case No.  2006CR00193


JUDGMENT:                                         Affirmed


DATE OF JUDGMENT ENTRY:          July 22, 2013


APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

JOHN D. FERRERO                            PAUL F. ADAMSON
PROSECUTING ATTORNEY               137 South Main Street
KATHLEEN O. TATARSKY                  Suite 201
ASSISTANT PROSECUTOR                Akron, Ohio  44308
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

*Wise, P. J.*

{¶1} Appellant Armone Provens appeals the decision of the Court of Common Pleas, Stark County, which resentenced him following a remand from this Court. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} On January 1, 2006, Eric Grimes was fatally shot near the Leshdale Apartments in Canton, Ohio. On March 17, 2006, in connection with that incident, the Stark County Grand Jury indicted appellant on one count of murder, one count of felonious assault, and one count of having weapons while under a disability. The charges of murder and felonious assault were accompanied by firearm specifications. Appellant thereafter entered a plea of not guilty to said charges.

{¶3} Appellant's jury trial began on July 17, 2006. During a break in the trial, appellant entered a plea of guilty to the crime of having weapons while under disability, a felony of the third degree. Sentencing on that charge was deferred until the completion of appellant's trial on the remaining charges.

{¶4} On July 20, 2006, the jury found appellant guilty of the lesser included offense of reckless homicide, a felony of the third degree, with a firearm specification. The trial court declared a mistrial on the charges of murder and felonious assault.

{¶5} Pursuant to a judgment entry filed on July 25, 2006, appellant was sentenced to five years in prison for reckless homicide and five years in prison for having weapons while under disability, to be served consecutively. A three-year sentence was also imposed for the gun specification. In addition, because appellant was on post-release control under another Stark County case (1998CR0124(B)) at the time of the shooting, an additional three years and fifty-four days was tacked on to his

sentence. In all, appellant received a prison sentence of sixteen years and fifty-four days.

{¶6}   Appellant thereupon filed a direct appeal. On April 14, 2008, this Court affirmed appellant's conviction and sentence.

{¶7}   Appellant subsequently filed a motion to reopen his direct appeal pursuant to App. R. 26(B), which this Court denied via a memorandum-opinion on August 4, 2008. *See State v. Provens,* Stark App. No. 2007CA00034, 2008–Ohio–3933.

{¶8}   On September 2, 2010, appellant filed in the trial court a "motion to vacate and correct sentence." Appellant therein alleged that his sentencing entry in his earlier Stark County case, 1998CR0124(B), was void because he was improperly advised of post-release control in that matter. Appellant specifically alleged that the trial court in case number 1998CR0124(B) had incorrectly stated that appellant would be subject to post-release control for "up to five years" when "R.C. 2967.28(B) mandated that [appellant's] sentence include a mandatory period of post-release control of five years." Appellant argued that because he could not be forced to serve time for violating the improper term of post-release control issued in 1998CR0124(B), the trial court in the case sub judice was required to vacate that portion of his sentence tacking on the three years and fifty-four days onto his sentence. Appellant, in his motion, also argued that the trial court's entry in 1998CR0124(B) failed to advise him that he faced the possibility of serving up to one-half of his original prison term as a new prison sentence if he violated the terms of his release.

{¶9}   Appellee filed a response to the motion on March 7, 2011. On March 16, 2011, the trial court overruled appellant's motion. Appellant filed an appeal of said

decision, arguing that the trial court had erred in failing to vacate and correct his sentence. On September 26, 2011, in a 2 – 1 decision, we sustained appellant's assigned error and held that the sentence in 1998CR0124(B) "was void as it relates to post-release control." We further held that the trial court had erred in imposing the three years and fifty-four remaining days of post-release control time as additional prison time in the present case. *See State v. Provens*, Stark App.No. 2011CA00089, 2011-Ohio-5197. We therefore remanded the matter for resentencing.

{¶10} On remand, appellant filed a motion to withdraw his guilty plea to the count of having a weapon under disability, as well as a sentencing memorandum in which he argued that the sentences for reckless homicide and having weapons under disability should merge.

{¶11} At a hearing conducted on April 12, 2012, appellant asserted the additional argument that he was entitled to be sentenced under the H.B. 86 amendments which, inter alia, reduced the maximum sentences for many third-degree felonies. At the hearing, the court stated in part as follows: "I believe I have to resentence him on the law that existed at that time ***." The court proceeded to impose five years on the reckless homicide count, five years consecutive on the weapons under disability count, and three years consecutive on the gun specification. See Tr. of Sentencing, April 12, 2012, at 27.

{¶12} On April 12, 2012, the trial court issued a "judgment entry – post release control notification hearing." However, the trial court conducted an additional hearing on July 2, 2012. At that hearing, the trial court indicated an intention to correct its prior

entry by including an order vacating the additional three years and fifty-four days and correcting the terms of post-release control for the two third-degree felonies at issue.

{¶13} The trial court issued a judgment entry on July 9, 2012, although it made no reference to the three years and fifty-four days. Another judgment entry was filed on October 17, 2012, incorrectly ordering the sentence portion of three years and fifty-four days to remain in effect. However, on November 13, 2012, the trial court issued a judgment entry vacating the additional prison term of three years and fifty-four days.

{¶14} In the meantime, on August 3, 2012, appellant had filed a notice of appeal of the trial court's judgment entry of July 9, 2012. He herein raises the following sole Assignment of Error:

{¶15} "I.  THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE STATUTORY AMENDMENTS OF HOUSE BILL 86 IN SENTENCING FOR THE THIRD DEGREE FELONIES IN THIS CASE."

I.

{¶16} In his sole Assignment of Error, appellant contends the trial court erred, upon appellant's resentencing, in failing to apply the pertinent statutory amendments under H.B. 86 to his sentence. We disagree.

{¶17} Current R.C. 2929.14(A)(3)(b), following the revisions under 2011 Am.Sub.H.B. No. 86, effective September 30, 2011, reduced the maximum prison term for many third-degree felonies from five years to thirty-six months. By implication, third-degree convictions for reckless homicide and having weapons under a disability, under the revised sentencing statutes, are offenses subject to this new statutory 36–month maximum. In addition, H.B. 86 has amended former R.C. 2929.14(E)(4) (now

captioned as R.C. 2929.14(C)(4)) to explicitly require judicial factfinding when ordering the imposition of consecutive sentences. *See State v. Ayers*, Warren App.No. CA2011–11–123, 2013-Ohio-2641, ¶ 13.

**{¶18}** As indicated in our recitation of facts in this matter, appellant was originally sentenced in July 2006, well before the effective date of H.B. 86.

**{¶19}** We note R.C. 1.58(B) states as follows: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, *if not already imposed*, shall be imposed according to the statute as amended." (Emphasis added). In *State v. Henderson,* Ashland App.No. 11–COA–045, 2012–Ohio–2709, we reviewed an appellant's claim that the trial court had erred in not applying the provisions of H.B. 86 at his resentencing, following an appellate remand on issues pertaining to post-release control in accordance with *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238. *Henderson* at ¶ 45 - ¶ 46. Applying R.C. 1.58(B), *supra,* we rejected that argument, determining that Henderson's "sentence had already been imposed prior to the enactment of H.B. 86; therefore, the trial court did not err in not applying the amendments therein." *Id.* at ¶ 51. *Cf., also, State v. Craycraft,* Clermont App.Nos. CA2011–04–029 and CA2011–04–030, 2012–Ohio–884, ¶ 16, (concluding that "nothing in the language of 2011 Am.Sub.H.B. No. 86, nor anything in its legislative history, suggests that the General Assembly intended for those newly enacted statutory provisions to be applied by [the appellate] court when reviewing a sentence imposed by the trial court prior to its effective date.").

**{¶20}** We find that similar reasoning applies here. Despite the lengthy procedural history of this case, it stands out that our remand of September 26, 2011, although not simply a *Fischer* remand, was chiefly designed to facilitate the removal of the three years and fifty-four remaining days of post-release control time from 1998CR0124(B) as additional prison time in the present case. Based on appellant's 2006 sentencing date (pre-H.B. 86), we hold the trial court did not err in declining to afford appellant the sentencing revisions under H.B. 86 when it resentenced him in accordance  with our prior remand order.

**{¶21}** Accordingly, appellant's sole Assignment of Error is overruled.

**{¶22}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

_____

_____

_____

JUDGES

JWW/d 0709

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
ARMONE PROVENS                         :
                                       :
    Defendant-Appellant            :          Case No. 2012CA00151


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to appellant.


                                 _____


                                 _____


                                 _____
                                             JUDGES