[Cite as *State v. Smith*, 2014-Ohio-3700.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                      :                    No.  14AP-123
                                                                                       (C.P.C. No. 13CR-2520)
v.                                                            :

                                                               :                    (REGULAR CALENDAR)

Josias T. Smith,                                     :

      Defendant-Appellant.                 :

---

D E C I S I O N

Rendered on August 26, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Yeura R. Venters*, Public Defender, and *David L. Straight*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1}  Appellant, Josias T. Smith, appeals from a judgment of the Franklin County Court of Common Pleas.  For the following reasons, we reverse and remand to the trial court for resentencing.

**I. Facts and Procedural History**

{¶ 2}  On May 9, 2013, appellant was indicted on two counts of aggravated burglary, two counts of aggravated robbery, two counts of kidnapping, four counts of robbery, one count of tampering with evidence, and one count of failure to comply.  All of the counts, except the failure-to-comply count, contained either a one-year or three-year firearm specification.

{¶ 3} On December 9, 2013, appellant entered pleas of guilty to the following five counts: (1) aggravated burglary with specification, in violation of R.C. 2911.11; (2) kidnapping with specification, in violation of R.C. 2905.01; (3) aggravated robbery with specification, in violation of R.C. 2911.01; (4) tampering with evidence with specification, in violation of R.C. 2921.12; and (5) failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331. The court dismissed the remaining counts. On January 10, 2014, the trial court conducted a sentencing hearing and sentenced appellant to a 26-year prison term. The trial court journalized its decision on January 13, 2014. Appellant appealed his sentence to this court on February 11, 2014.

## II. Assignment of Error

{¶ 4} Appellant assigns the following assignment of error for our review:

> The trial court committed plain error in imposing consecutive sentences without making the necessary findings in violation of R.C. 2929.14(C)(4).

## III. Discussion

{¶ 5} In his single assignment of error, appellant contends the trial court erred by imposing consecutive sentences without making the necessary findings as required by R.C. 2929.14(C)(4). We agree.

{¶ 6} Because appellant did not challenge the trial court's imposition of consecutive sentences at his sentencing hearing, we may reverse appellant's sentence only if the sentence constitutes plain error. *State v. Ayers*, 10th Dist. No. 13AP-371, 2014-Ohio-276, ¶ 7. The state does not argue that the trial court made the necessary findings under R.C. 2929.14(C)(4); only that such failure is not plain error because the record provides no indication that the trial court would have sentenced appellant differently had it made the R.C. 2929.14(C)(4) findings.

{¶ 7} Contrary to the state's argument, this court has consistently determined a trial court's failure to make the findings required by R.C. 2929.14(C)(4) is "plain error as a matter of law." *State v. Bailey*, 10th Dist. No. 12AP-699, 2013-Ohio-3596, ¶ 46. *See also State v. Fair*, 10th Dist. No. 13AP-901, 2014-Ohio-2788, ¶ 22; *State v. Adams*, 10th Dist. No. 13AP-783, 2014-Ohio-1809, ¶ 7; *State v. F.R.*, 10th Dist. No. 13AP-525, 2014-Ohio-799, ¶ 25; *State v. Bender*, 10th Dist. No. 12AP-934, 2013-Ohio-2777, ¶ 7; *State v. Hunter*, 10th Dist. No. 13AP-196, 2013-Ohio-4013, ¶ 9; *Ayers* at ¶ 16; *State v. Wilson*, 10th Dist.

No. 12AP-551, 2013-Ohio-1520, ¶ 18.  Accordingly, if the trial court failed to make the required findings, this court must remand for resentencing.

{¶ 8}  Under R.C. 2929.14(C)(4), when a trial court sentences a defendant to consecutive sentences for multiple offenses, it must make specific findings of fact.  In relevant part, the statute reads:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9}  The trial court is required under R.C. 2929.14(C)(4) to make three findings before imposing consecutive sentences: " '(1) that consecutive sentences are necessary  to protect the public from the future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b), or (c) apply.' " *Ayers* at ¶ 12, quoting *State v. Roush*, 10th Dist. No. 12AP-201, 2013-Ohio-3162, ¶ 76.  However, a trial court is not required to explain its findings. "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the

record contains evidence to support the findings, consecutive sentences should be upheld." *State v. Bonnell*, _Ohio St.3d_, 2014-Ohio-3177, ¶ 29.

{¶ 10} At appellant's sentencing hearing, the trial court reviewed the purposes of felony sentencing as set out in R.C. 2929.11. The trial court then considered the factors listed in R.C. 2929.12 as required when imposing a felony sentence. While analyzing the above statutory factors, the trial court noted the seriousness of appellant's conduct. Specifically, the trial court addressed the fact that appellant shot a gun in the direction of a child. Although the trial court thoroughly examined a number of the statutory factors for felony sentencing, we are unable to discern from the record that the trial court made specific factual findings required by R.C. 2929.14(C)(4). The trial court did not address whether consecutive sentences were not disproportionate to the seriousness of appellant's conduct or whether consecutive sentences were necessary to protect the public from future crime. Additionally, the trial court did not address whether any of the subsections of R.C. 2929.14(C)(4) applied in this case.

{¶ 11} Because the record establishes that the trial court failed to make the findings required by R.C. 2929.14(C)(4) prior to imposing consecutive sentences on appellant's multiple offenses, appellant's sentence is contrary to law and constitutes plain error. We therefore sustain appellant's sole assignment of error.

## V. Conclusion

{¶ 12} Upon review of the record, we conclude the trial court committed plain error. Having sustained appellant's assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed and*
*cause remanded with instructions.*

TYACK and BROWN, JJ., concur.