[Cite as *State v. Kasson*, 2014-Ohio-4926.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100997**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**STEPHEN KASSON**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
SENTENCE VACATED; REMANDED
FOR RESENTENCING

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-07-498770-A

**BEFORE:** Celebrezze, J., Boyle, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 6, 2014

**ATTORNEY FOR APPELLANT**

John T. Castele
1310 Rockefeller Building
614 West Superior Avenue
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:     Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant Stephen Kasson appeals from his 14-year prison term. After a careful review of the record and relevant case law, we vacate appellant's sentence and remand for resentencing consistent with this opinion.

## I. Procedural History

{¶2} On August 14, 2007, appellant pled guilty in Cuyahoga C.P. No. CR-07-498770-A to felonious assault, a felony of the second degree with a notice of prior conviction; attempted felonious assault, a felony of the third degree; attempted gross sexual imposition, a felony of the fifth degree; and criminal damaging, a misdemeanor of the second degree.

{¶3} On September 12, 2007, appellant was sentenced to eight years on the felonious assault conviction, five years on the attempted felonious assault conviction, and one year on the attempted gross sexual imposition conviction. The trial court ordered appellant's felony sentences to be served consecutively to each other. Finally, the court sentenced appellant to 90 days on his criminal damaging conviction, to be served concurrently to the felony sentences, for a total prison term of 14 years.

{¶4} On August 11, 2011, appellant requested that the trial court vacate his sentence because he had not been advised of his appellate rights. A hearing was held on appellant's motion on May 17, 2012. At the conclusion of the hearing, the trial court stayed its ruling pending this court's decision in *State v. Future*, 8th Dist. Cuyahoga No. 96997, 2012-Ohio-2300.

{¶5} On May 24, 2012, this court issued its decision in *Future*, holding that the party requesting a resentencing hearing after his or her judgment of sentence becomes a final order must first seek leave to file a delayed appeal with the appellate court and, if unsuccessful, to then

file a motion for postconviction relief with the trial court. *Id.* at ¶ 5, citing *State v. Gover*, 71 Ohio St.3d 577, 645 N.E.2d 1246 (1995).

{¶6} Pursuant to *Future*, appellant sought leave with this court to file a delayed appeal. On September 12, 2012, this court denied leave. On September 26, 2012, appellant filed a petition for postconviction relief asking the trial court to vacate his sentence and conduct a de novo sentencing hearing. On January 16, 2014, the trial court granted appellant's motion, finding that he had not been properly advised of his appellate rights. The same day, the trial court advised appellant of his appellate rights and adopted the original sentence.

{¶7} Appellant now brings this timely appeal, raising two assignments of error for review.

## II. Law and Analysis

{¶8} In his first assignment of error, appellant argues that the trial court's imposition of maximum and consecutive prison terms was contrary to law and an abuse of discretion.

{¶9} In *State v. Boyd,* 8th Dist. Cuyahoga Nos. 100350, 100351, 100352, and 100353, 2014-Ohio-2640, this court held that where a defendant is sentenced prior to the effective date of H.B. 86, but is resentenced after its enactment following a successful motion for postconviction relief based on the trial court's failure to advise of appellate rights, the sentencing court must follow the sentencing mandates of H.B. 86 when imposing consecutive sentences. *Id.* at ¶ 7-9.

{¶10} At the time of appellant's original sentencing in 2007, the trial court had full discretion to impose a prison sentence within the statutory range and was not required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. On September 30, 2011, however, the General Assembly enacted H.B. 86,

which, in effect, revived the requirement that trial courts make findings before imposing consecutive sentences under R.C. 2929.14(C). The General Assembly expressly provided in Section 4 of H.B. 86: "The amendments * * * apply to a person who commits an offense specified *or penalized* under those sections on or after the effective date of this section[.]" (Emphasis added.)

{¶11} Although appellant was originally sentenced on September 12, 2007, the trial court later granted his petition for postconviction relief and resentenced him on January 16, 2014. Appellant is appealing from that sentencing judgment entry. Thus, having been resentenced in January 2014, the trial court was required to sentence appellant according to the revisions implemented in H.B. 86. *See State v. Lebron*, 2012-Ohio-4156, 976 N.E.2d 945, ¶ 7 (recognizing that if defendant is sentenced after September 30, 2011, the trial court is required to sentence him according to the revisions implemented in H.B. 86). Accordingly, our analysis requires us to determine if the trial court complied with the statutory requirements of R.C. 2929.14(C)(4) when imposing consecutive sentences in this matter.

## A. Standard of Review

{¶12} R.C. 2953.08(G)(2) states that when reviewing felony sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Rather, the statute states that if we "clearly and convincingly" find that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or that (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [we] may vacate the sentence and remand the matter to the sentencing court for re-sentencing." R.C. 2953.08(G)(2).

## B. Consecutive Sentences

**{¶13}** Under R.C. 2929.14(C)(4), a trial court may impose consecutive multiple prison terms for convictions on multiple offenses where the court makes the necessary statutory findings. This court has interpreted the statute to require that the trial court make separate and distinct findings apart from any findings relating to the purposes and goals of criminal sentencing. *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, ¶ 13. *See also State v. Venes,* 2013-Ohio-1891, 992 N.E.2d 453.

**{¶14}** R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶15}** In this case, we find that the trial court failed to satisfy the requirements of R.C. 2929.14(C)(4). At the January 16, 2014 hearing, the trial court simply adopted the sentence imposed in 2007 and failed to make any statements concerning the imposition of consecutive sentences. We therefore vacate appellant's sentence and remand the case for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and, if so, to

make the required findings on the record and incorporate those findings into the court's sentencing entry. *See State v. Bonnell*, 140 Ohio St.3d 209,  2014-Ohio-3177, 16 N.E.3d 659.

**{¶16}** Appellant's first assignment of error is sustained.  In light of our holding, appellant's second assignment of error is rendered moot.

**{¶17}** Appellant's sentence is vacated, and this cause is remanded to the lower court for resentencing consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., and
TIM McCORMACK, J., CONCUR