[Cite as *State v. Waxler*, 2016-Ohio-5435.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-15-1214

          Appellee                                   Trial Court No. CR0201002858

v.

David Waxler                                         **DECISION AND JUDGMENT**

          Appellant                                  Decided:  August 19, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant County Prosecuting Attorney, for appellee.

John F. Potts, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** In this delayed appeal, defendant-appellant, David Waxler, appeals the

October 10, 2012 judgment of the Lucas County Court of Common Pleas, sentencing him

to an aggregate prison term of 13 years.  For the reasons that follow, we reverse the trial

court judgment.

## I. Background

{¶ 2} On October 15, 2010, David Waxler was indicted on five counts of possession of cocaine, five counts of trafficking in crack cocaine, and two counts of disposing of stolen property, after selling crack cocaine and stolen firearms to an undercover agent of the Bureau of Alcohol, Tobacco, and Firearms. He entered a no contest plea to Count 1 of the indictment (trafficking in cocaine, a violation of R.C. 2925.03(A)(2) and (C)(4)(c), a third-degree felony); Count 4 (possession of cocaine, a violation of R.C. 2925.11(A) and (C)(4)(c), a third-degree felony); Count 5 (trafficking in cocaine, a violation of R.C. 2925.03(A)(2) and (C)(4)(e), a second-degree felony); Count 7 (receiving stolen property, a violation of R.C. 2913.51, a fourth-degree felony); and Count 11 (possession of cocaine, a violation of R.C. 2925.11(A) and (C)(4)(d), a second-degree felony).

{¶ 3} Following its review of a presentence investigation report, the trial court sentenced Waxler to a prison term of three years on Count 1, three years on Count 4, five years on Count 5, 15 months on Count 7, and five years on Count 11. It ordered that Counts 1, 4, and 7 be served concurrently with each other, but consecutively with Counts 5 and 11. Additionally, it ordered that Counts 5 and 11 be served consecutively to each other. This resulted in an aggregate prison term of 13 years. The court imposed a $25,000 fine and a period of postrelease control. Waxler's sentence was memorialized in an order journalized on April 11, 2011.

2.

**{¶ 4}** Waxler appealed the April 11, 2011 judgment. He argued that the trial court abused its discretion in imposing consecutive sentences and in finding that he "caused or threatened physical harm to a person." In a decision dated August 10, 2012, we rejected Waxler's argument that the trial court abused its discretion in imposing consecutive sentences, however, we agreed that there was no support for the trial court's finding that defendant caused or threatened physical harm. *State v. Waxler*, 6th Dist. Lucas No. L-11-1101, 2012-Ohio-3619, ¶ 5. We determined that this erroneous finding was a substantive legal decision not amenable to correction through a nunc pro tunc entry, and that the sentencing entry must, therefore, be vacated and the matter remanded for resentencing. *Id.* at ¶ 16. We also observed that the trial court inaccurately characterized appellant's plea as "a plea of guilty pursuant to *North Carolina v. Alford.*" *Id. at ¶ 5.*

**{¶ 5}** Waxler was resentenced on October 4, 2012. The court corrected the plea designation, omitted the reference to physical harm, and waived the previously-imposed $25,000 fine due to Waxler's filing of an affidavit of indigence, but it reimposed the 13-year aggregate prison sentence. The new sentencing entry was journalized on October 10, 2012. On August 13, 2015, Waxler sought leave to file a delayed appeal, which we granted in an order dated November 5, 2015. He presents a single assignment of error for our review:

It Constituted Error to Impose Consecutive Sentences Without Making the Findings Required under R.C. 2929.14(C)(4), and Therefore Imposition of Consecutive Sentences Is Contrary to Law.

3.

## II. Law and Analysis

**{¶ 6}** It is undisputed that the trial court failed to make the findings that are currently required under R.C. 2929.14(C)(4). What is disputed here is (1) whether Waxler waived this alleged error by failing to raise it in the trial court; and (2) whether the trial court was required to make those findings given that the crimes were committed in April and May of 2010, and Waxler's original sentence was imposed on April 11, 2011—before the September 30, 2011 effective date of current R.C. 2929.14(C)(4). The current version of this statute was enacted via 2011 Am.H.B. No. 86 ("H.B. 86").

**{¶ 7}** Because Waxler failed to seek application of R.C. 2929.14(C)(4) when he was resentenced in the trial court, he has waived all but plain error in the trial court's failure to apply the amended statute. The plain error doctrine represents an exception to the usual rule that errors must first be presented to the trial court before they can be raised on appeal. It permits an appellate court to review an alleged error where such action is necessary to prevent a manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91, 95, 372 N.E.2d 804 (1978). In order to prevail under a plain error standard, an appellant must demonstrate that there was an obvious error in the proceedings and, but for the error, the outcome clearly would have been otherwise. *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, ¶ 62.

**{¶ 8}** In *State v. Haddox*, 6th Dist. Erie No. E-15-017, 2016-Ohio-3368, ¶ 25, we held that the trial court committed plain error when it failed to apply a post-H.B. 86 reduction in offense classification when it sentenced a defendant who committed the

4.

crime before the effective date of the amendment, but was sentenced after the effective date. Similarly, and directly on point in this case, the Tenth District recognized in *State v. Morgan*, 10th Dist. Franklin No. 13AP-620, 2014-Ohio-5661, ¶ 51, that a trial court's failure to make the findings required by R.C. 2929.14(C)(4) renders an appellant's sentence contrary to law and constitutes plain error. *See also State v. Smith*, 10th Dist. Franklin No. 14AP-123, 2014-Ohio-3700, ¶ 7 ("A trial court's failure to make the findings required by R.C. 2929.14(C)(4) is 'plain error as a matter of law.'"). Thus, if the trial court was, in fact, required to apply the post-H.B. 86 amendments, its failure to make findings under the statute would constitute plain error and would necessitate remand.

{¶ 9} We must determine, therefore, whether the trial court was required to make the findings required by the post-H.B. 86 amendment. Before reaching this issue, we begin by briefly describing the evolution of the consecutive-sentencing provision contained in R.C. 2929.14(C)(4).

{¶ 10} R.C. 2929.14(E)(4) permitted a trial court to impose consecutive sentences for multiple offenses if it found (1) that the consecutive service was necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) that one or more of the following applied:

> (a) The offender committed one or more of the multiple offenses
> while the offender was awaiting trial or sentencing, was under a sanction

5.

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 11} In 2006, the Ohio Supreme Court excised (E)(4) from R.C. 2929.14 because "the total punishment increases through consecutive sentences only after judicial findings beyond those determined by a jury or stipulated to by a defendant," thereby violating the principles announced in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 2538, 159 L. Ed. 2d 403 (2004). *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 67, 97. Approximately three years later, the U.S. Supreme Court upheld the validity of a similar consecutive sentencing statute in *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009). Despite the *Ice* decision, the Ohio Supreme Court held in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 39, that *Ice* did not revive R.C. 2929.14(E)(4), but that the Ohio legislature was free to enact new legislation if it wished to reestablish the judicial fact-finding provisions of R.C.

6.

2929.14(E)(4). *Id.* The legislature did so via H.B. 86, and the judicial fact-finding provisions were reenacted in the newly-numbered R.C. 2929.14(C)(4).

{¶ 12} The timeline at issue here is as follows:

- April 2 to May 27, 2010:  Waxler committed the subject crimes;

- October 5, 2010:  Waxler was indicted;

- February 14, 2011:  Waxler entered a no contest plea to five counts in the indictment, with the remaining counts to be dismissed;

- April 6, 2011:  Waxler was sentenced;

- April 11, 2011:  The trial court's judgment was journalized;

- May 5, 2011:  Waxler filed a notice of appeal of the April 11, 2011 judgment entry;

- September 30, 2011:  H.B. 86 became effective;

- August 10, 2012:  We reversed the trial court judgment, vacated Waxler's sentence, and remanded for resentencing because of an erroneous finding in the April 11, 2011 judgment entry;

- October 4, 2012:  The trial court resentenced Waxler;

- October 10, 2012:  The trial court judgment memorializing Waxler's resentencing was journalized.

- November 5, 2015:  We granted Waxler's motion to file a delayed appeal.

7.

**{¶ 13}** The state contends that the trial court was not required to make findings under R.C. 2929.14(C)(4) because the statute as amended by H.B. 86 does not apply to sentences imposed before the effective date, even when resentencing occurs after the effective date. Waxler obviously disagrees. Resolution of this issue requires application of R.C. 1.58(B).

**{¶ 14}** R.C. 1.58(B) provides that "[i]f the * * * punishment for any offense is reduced by a reenactment or amendment of a statute, the * * * punishment, if not already imposed, shall be imposed according to the statute as amended." The state claims (1) that R.C. 2929.14(C)(4) does not amount to a reduced punishment for a crime, and (2) that Waxler's punishment was "already imposed" before H.B. 86's effective date.[1] It further claims that at least two Ohio appellate districts have rejected efforts to apply R.C. 2929.14(C)(4) when the original sentence was imposed before the effective date of the amendment. We begin by determining under R.C. 1.58(B) whether R.C. 2929.14(C)(4) reduces the punishment for the offenses.

**{¶ 15}** In *State v. Edwards,* 6th Dist. Wood No. WD-11-078, 2013-Ohio-519, we rejected the defendant's position that R.C. 2929.14(C)(4) amounts to a reduction in penalty or punishment. We reasoned:

---

[1] According to the state, section 4 of H.B. 86 provides that the legislation applies "to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable." This is true with respect to R.C. 2929.14(A), however, section 4 makes no reference to R.C. 2929.14(C)(4).

8.

It is true that judicial fact-finding affords a criminal defendant an additional procedural safeguard against consecutive sentences. However, R.C. 1.58(B) requires more than a procedural benefit. Rather, it requires an actual reduction in the penalty, forfeiture, or punishment for a particular offense.

{¶ 16} Upon reexamining this issue, we have reviewed a number of cases from across the state decided after *Edwards*. In *State v. Wilson*, 10th Dist. Franklin No. 12AP-551, 2013-Ohio-1520, ¶ 17, the Tenth District concluded that a penalty or punishment might arguably be reduced if the trial court were required to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences, thus R.C. 1.58(B) applied. Other districts applying R.C. 1.58(B) have reached the same conclusion. *See e.g., State v. Clay*, 4th Dist. No. 11CA23, 2013-Ohio-4649, fn. 2 (citing *Wilson* with approval); *State v. Hill*, 7th Dist. Carroll No. 13 CA 892, 2014-Ohio-1965, ¶ 24-25; *State v. Bryan*, 8th Dist. Cuyahoga No. 101209, 2015-Ohio-1635, ¶ 5; *State v. Fisher*, 12th Dist. Clermont No. CA2014-05-036, 2015-Ohio-572, ¶ 9-12 (acknowledging that "R.C. 1.58 provides that when there is an amendment to a statute that reduces the penalty or punishment for a crime, the new amendment will apply whenever the sentence has not already been imposed" and concluding that trial court was required to make R.C. 2929.14(C)(4) findings); *State v. Johnson*, 5th Dist. Stark No. 2012 CA 00054, 2012-Ohio-5621, ¶ 28-39 (observing that R.C. 1.58(B) required the trial court to apply R.C. 2929.14(C)(4), but concluding that the trial court made the appropriate findings).

9.

{¶ 17} Given the consensus that appears to exist among our sister districts, we reconsider our conclusion in *Edwards* and conclude instead that the application of R.C. 2929.14(C)(4) may, in fact, potentially result in a reduction of an offender's punishment. This is especially true here where consecutive sentences produced an aggregate sentence of 13 years. If the trial court is unable to conclude that R.C. 2929.14(C)(4) supports consecutive sentences, Waxler's aggregate prison term will be reduced to five years. This is certainly a reduction in sentence. Having determined this, we must next address whether a sentence was "already imposed" for purposes of R.C. 1.58.

{¶ 18} The state claims that Waxler's sentence was imposed at the original sentencing hearing. It maintains that we specifically affirmed the imposition of consecutive sentences and remanded "solely for removal of the finding that defendant perpetrated or threatened to perpetrate physical harm in the commission of a crime, and to correct the designation of the plea from an *Alford* plea to a plea of no contest."[2] It insists that the original sentence was not "void," and that "the sentence was unaffected by the remand."

{¶ 19} In support of its position, the state cites *State v. Ayers*, 12th Dist. Warren No. CA2011-11-123, 2013-Ohio-2641, and *State v. Provens*, 5th Dist. Stark No. 2012CA00151, 2013-Ohio-3225.

---

[2] We presume that the state intended to indicate that we remanded to correct the mischaracterization of Waxler's plea as "a plea of guilty pursuant to *North Carolina v. Alford.*" *Waxler*, 6th Dist. Lucas No. L-11-1101, 2012-Ohio-3619 at ¶ 5, 14.

**{¶ 20}** In *Ayers*, the defendant was sentenced on numerous counts relating to convictions stemming from several robberies. Sentencing occurred on December 2, 2010. On appeal, the Twelfth District found that two of the counts should have been merged as allied offenses of similar import. It reversed and remanded to the trial court for merger of those two offenses and for resentencing. On November 9, 2011, the trial court resentenced on all counts and imposed the same aggregate prison term. Ayers again appealed and claimed that because his resentencing occurred after the effective date of H.B. 86, the trial court was required to make findings under R.C. 2929.14(C)(4) before imposing consecutive sentences.

**{¶ 21}** In considering Ayers' argument, the appellate court, applying R.C. 1.58(B), focused on whether a penalty had already been imposed. It concluded that Ayers' penalty was imposed at the time of the original sentencing, thus the trial court was not required to make the judicial findings required under R.C. 2929.14(C)(4).

**{¶ 22}** In *Provens*, the defendant was sentenced on several convictions on July 25, 2006. He appealed his aggregate 16-year, 54-day sentence to the Fifth District.[3] The appellate court affirmed. In 2008, he filed an application to reopen his appeal, which was denied. On September 2, 2010, Provens filed a motion in the trial court to vacate and correct sentence. He argued that his sentencing entry was void because he was improperly advised of the terms of postrelease control. The trial court overruled Provens'

---

[3] Three years and 54 days of defendant's sentence was imposed because Provens was on postrelease control at the time of the offense.

11.

motion on March 16, 2011, and Provens again appealed. This time, the appellate court sided with Provens and held that his sentence "was void as it relates to post-release control" and that the trial court erred in imposing "three years and fifty-four remaining days of post-release control time as additional prison time." *Id.* at ¶ 9. In a decision dated September 26, 2011, it remanded for resentencing.

{¶ 23} Provens sought to be resentenced under the H.B. 86 amendments. The trial court denied this request and ultimately resentenced him to an aggregate of 13 years in prison. Provens appealed. He argued that the court erred in refusing to sentence him under the H.B. 86 amendments. The Fifth District concluded otherwise. It reasoned that the September 26, 2011 remand "was chiefly designed to facilitate the removal of the three years and fifty-four remaining days of post-release control time," thus the trial court did not err in sentencing him under the pre-H.B. 86 statutes. *Id.* at ¶ 20.

{¶ 24} While the state maintains that we should follow *Ayers* and *Provens*, it acknowledges that the Eighth District in *State v. Kasson*, 8th Dist. Cuyahoga No. 100997, 2014-Ohio-4926, and the Second District in *State v. Nichols*, 2d Dist. Clark No. 2012 CA 38, 2013-Ohio-3285, determined that the post-H.B. 86 provision must be applied despite the fact that the defendants were originally sentenced before the effective date of the amendment.

{¶ 25} In *Kasson,* the defendant was originally sentenced in 2007, but was resentenced following a successful petition for postconviction relief. The court held that "[a]lthough appellant was originally sentenced on September 12, 2007, the trial court

later granted his petition for postconviction relief and resentenced him on January 16, 2014. * * * Thus, * * * the trial court was required to sentence appellant according to the revisions implemented in H.B. 86." *Id.* at ¶ 11.

{¶ 26} In *Nichols*, the court cited with approval the Eighth District's decision in *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 9 (8th Dist.), which held that in a sentencing or re-sentencing occurring on or after the effective date of H.B. 86, the revived version of R.C. 2929.14(C)(4) applied and obligated the court to make the required findings before imposing consecutive sentences. It observed that the defendant was originally sentenced on May 6, 2010, but had been resentenced in 2012. Accordingly, it concluded that the court was required to make the R.C. 2929.14(C)(4) findings before imposing consecutive sentences.

{¶ 27} We agree with the court in *Kasson* and *Nichols*, and we conclude that the trial court was required to consider R.C. 2929.14(C)(4) before sentencing Waxler to consecutive terms. *See also State v. Allen,* 2014-Ohio-1806, 10 N.E.3d 192, ¶ 13 (12th Dist.) ("Although defendant was originally sentenced on June 23, 2011, before the effective date of H.B. No. 86, in *Allen I*, we vacated defendant's June 23, 2011 sentences and remanded to the trial court for resentencing. * * * Because defendant's sentences were vacated in *Allen I*, no penalty for the offenses at issue had been imposed.")

{¶ 28} We recognize that *Ayers*, 12th Dist. Warren No. CA2011-11-123, 2013-Ohio-2641, and *Provens*, 5th Dist. Stark No. 2012CA00151, 2013-Ohio-3225, reached a contrary conclusion, but we find that those cases are distinguishable from the present

13.

case. In *Ayers,* the court remanded so the trial court could merge allied offenses of similar import for purposes of sentencing. In *Provens*, the case was remanded "chiefly" because of an error in imposing postrelease control. In the present case, however, we vacated Waxler's sentence in its entirety and reversed and remanded for resentencing. While we found no error in the trial court's imposition of consecutive sentences, we did find that the erroneous finding that Waxler threatened or inflicted physical harm in the commission of the offense was a substantive finding necessitating resentencing. The effect of this required that Waxler be sentenced anew. Thus, on remand, the trial court was obligated to comply with all sentencing statutes in effect at the time of resentencing. In this case, this means that the trial court was required to make findings under R.C. 2929.14(C)(4) before reimposing consecutive sentences. *See State v. Cochran*, 10th Dist. Franklin No. 14AP-447, 2015-Ohio-1102, ¶ 12 ("Because the sentences for Counts 2 and 3 were vacated, the punishments had not already been imposed when the case was set for resentencing on May 16, 2014.").

{¶ 29} We, therefore, find Waxler's sole assignment of error well-taken. Accordingly, we remand this matter to the trial court for resentencing, at which time the court must determine solely whether the R.C. 2929.14(C)(4) factors support the imposition of consecutive sentences.

14.

### III.  Conclusion

**{¶ 30}** We reverse the October 10, 2012 judgment of the Lucas County Court of Common Pleas, and we remand the matter for resentencing so that the trial court may consider R.C. 2929.14(C)(4).  The state is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.  _____

                                                       _____
                                                              JUDGE

Thomas J. Osowik, J.  _____

                                                       _____

James D. Jensen, P.J.  _____
CONCUR.

                                                              JUDGE

                                                       _____
                                                              JUDGE